1  SANJAY S. SCHMIDT (State Bar No. 247475)
   LAW OFFICE OF SANJAY S. SCHMIDT
2  1388 Sutter Street, Suite 810
   San Francisco, CA 94109
3  Telephone: (415) 563-8583
   Email: ss@sanjayschmidtlaw.com
4
   T. KENNEDY HELM, IV (State Bar No. 282319)
5  HELM LAW OFFICE, PC
   644 40th Street, Suite 305
6  Oakland, CA 94609
   Telephone: (510) 350-7517
7  kennedy@helmlawoffice.com

8  Attorneys for All Plaintiffs

9
   DANA A. SUNTAG, (State Bar No. 125127)
10 JOSHUA J. STEVENS, (State Bar No. 238105)
   HERUM\CRABTREE\SUNTAG
11 *A California Professional Corporation*
   3757 Pacific Avenue, Suite 222
12 Stockton, California 95207
   Telephone: (209) 472-7700
13 dsuntag@herumcrabtree.com
   jstevens@herumcrabtree.com
14
   Attorneys for All Defendants

15

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.B., a minor, by and through his guardian ad litem, Elisa Mulvihill, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR., et al,<br><br>Plaintiffs,<br>vs.<br><br>CITY OF STOCKTON, et al.<br><br>Defendants. | Case No.: 2:21-cv-02154-TLN-DB<br><br>[Assigned to the Honorable Troy L. Nunley – Courtroom 2]<br><br>STIPULATION AND ORDER TO MODIFY INITIAL PRETRIAL SCHEDULING ORDER<br><br>[No hearing requested] |

1

STIPULATION TO MODIFY SCHEDULING
ORDER AND ORDER

Plaintiffs, D.B., a minor, by and through his Guardian Ad Litem ("GAL"), Elisa Mulvihill; K.B., a minor, by and through his GAL, Breanna Fuller; Ilia Burrise; Athena Burrise; Antwaune Burrise, Jr.; Rayjames Burrise; A.B., a minor, by and through her GAL, Tiana Franks, (all of whom bring suit in their individual capacity and as co-successors in interest to the Decedent, Antwaune Burrise, Sr.); and Stephanie Hatten, in her individual capacity (collectively referred to as "Plaintiffs"), on the one hand; and Defendants City of Stockton (the "City"); former Stockton Chief of Police Eric Jones; Officer David Wells; Officer Blake Epperson; and Officer John Griffin (collectively referred to as "Defendants"), on the other hand; all through their undersigned counsel of record, and subject to the approval of the Court, stipulate as follows:

## RECITALS

A. On November 19, 2021, Plaintiffs filed this lawsuit.

B. On November 22, 2021, the Court issued an Initial Pretrial Scheduling Order (the "Scheduling Order"). (ECF No. 3.)

C. On or about February 15, 2022, Plaintiffs served process on the City and Officers Wells, Epperson, and Griffin.

D. On February 17, 2022, Defendants' counsel contacted Plaintiffs' counsel and agreed to accept service on behalf of Chief Jones, effective February 17, 2022, so that Plaintiffs would not need to serve him.

E. The parties have stipulated, pursuant to Eastern District Local Rule 144(a), to extend the time for all Defendants to move, plead, or otherwise respond to the Complaint from March 8, 2022, through and including April 5, 2022. (ECF No. 23.)

F. The parties have met and conferred regarding the Scheduling Order, and the parties believe certain dates in it will not give the parties sufficient time to investigate the issues in the case, conduct discovery, and prepare for trial.

G. Defendants are in the process of reviewing the Complaint with regards to a potential motion to dismiss or other pleading motion.

H. Further, given the press of business, other trials, and matters that counsel have scheduled, the anticipated time the parties will require to respond to discovery requests and marshal the documents that will be requested, the time required to meet and confer on discovery in an effort to avoid potential discovery motions, the time required for the parties to prepare a stipulated protective order (if necessary) governing the production of sensitive or confidential materials or information, the large number of depositions that may have to be taken, as well as the desire of counsel for the parties to be able to exercise professional courtesies by reasonably accommodating the schedules of the deponents and counsel as much as possible, granting reasonable extensions, and the need to set depositions on mutually available dates, including the anticipated difficulties with doing this (in view of the number of schedules and potential depositions involved), the undersigned counsel reasonably estimate the need for, and, thus, respectfully request, that an additional 120 days be added to the deadline for the completion of discovery, as set forth in Section III of the Initial Pretrial Scheduling Order. (ECF No. 3 at 3:17-23.) This would make the non-expert discovery cutoff three hundred sixty (360) days from the date upon which the last answer may be filed with the Court, pursuant to the Federal Rules of Civil Procedure. *Id*. All successive deadlines in the Pretrial Scheduling Order would be correspondingly extended, with spacing between such dates to remain the same as is set forth in the Pretrial Scheduling Order.

I. The parties, therefore, request additional time to complete these items in the Scheduling Order.

J. When an act must be done within a specified time, the Court may, for good cause, extend the time with or without motion if the court acts, or a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). With respect to an order setting forth the Court's pretrial schedule, "[t]he district court may modify the pretrial schedule 'if it cannot be reasonably met despite the diligence of the party

1  seeking the amendment.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609
2  (9th Cir. 1992).
3      K.    There have been no prior modifications of the Scheduling Order.
4  <u>STIPULATION</u>
5      The parties, by and through their undersigned counsel, respectfully request that
6  the Court modify the Scheduling Order as follows:

| Matter | Current Date | Proposed Date |
|---|---|---|
| Deadline to confer as required by Fed. R. Civ. P. 26(f) | 04/15/2022 | 4/15/2022 |
| Deadline to serve initial disclosures | 04/29/2022 | 04/29/2022 |
| Deadline to amend the complaint | 04/15/2022 | 07/15/2022 |
| Cutoff of Non-Expert Discovery | 12/01/2022 | 03/31/2023 |
| Expert witness designations | 01/30/2023 | 05/30/2023 |
| Rebuttal witness designations | 03/01/2023 | 06/30/2023 |
| Deadline to file dispositive motions | 05/30/2023 | 09/27/2023 |
| Deadline to exchange supplemental disclosures and responses | 06/06/2023 | 10/03/2023 |
| Hearing on dispositive motions | 07/06/2023 | 11/02/2023 |

15      Based on the foregoing, the parties respectfully request that the Court grant this
16  stipulation for a modification of the Scheduling Order.
17  Respectfully Submitted,
18  Dated: March 7, 2022        HERUM CRABTREE SUNTAG
19          *A California Professional Corporation*
20          By:   */s/ Dana A. Suntag*
21             DANA A. SUNTAG
           Attorneys for all Defendants
22  Dated March 8, 2022        HELM LAW OFFICE, PC
23
24          By:   */s/ T. Kennedy Helm*
25             T. KENNEDY HELM
           Attorneys for all Plaintiffs
26
27
28

STIPULATION TO MODIFY SCHEDULING
ORDER AND ORDER

# **ORDER**

The Court, having considered the parties' stipulation, and good cause appearing, rules as follows:

The Court finds the parties have shown good cause for the relief their Stipulation requests.

THEREFORE, the relief the parties request is GRANTED, and the modified dates are as follows:

| Matter | New Deadline |
|---|---|
| Deadline to confer as required by Fed. R. Civ. P. 26(f) | 04/15/2022 |
| Deadline to serve initial disclosures | 04/29/2022 |
| Deadline to amend the complaint | 07/15/2022 |
| Cutoff of Non-Expert Discovery | 03/31/2023 |
| Expert witness designations | 05/30/2023 |
| Rebuttal witness designations | 06/30/2023 |
| Deadline to file dispositive motions | 09/27/2023 |
| Deadline to exchange supplemental disclosures and responses | 10/03/2023 |
| Hearing on dispositive motions | 11/02/2023 |

Dated: March 8, 2022

Troy L. Nunley
United States District Judge

STIPULATION TO MODIFY SCHEDULING ORDER AND ORDER