1  SANJAY S. SCHMIDT (State Bar No. 247475)
   LAW OFFICE OF SANJAY S. SCHMIDT
2  1388 Sutter Street, Suite 810
   San Francisco, CA 94109
3  Telephone: (415) 563-8583
   Email: ss@sanjayschmidtlaw.com
4
   T. KENNEDY HELM, IV (State Bar No. 282319)
5  HELM LAW OFFICE, PC
   644 40th Street, Suite 305
6  Oakland, CA 94609
   Telephone: (510) 350-7517
7  kennedy@helmlawoffice.com

8  Attorneys for All Plaintiffs

9
   DANA A. SUNTAG (State Bar No. 125127)
10 JOSHUA J. STEVENS (State Bar No. 238105)
   HERUM\CRABTREE\SUNTAG
11 *A California Professional Corporation*
   3757 Pacific Avenue, Suite 222
12 Stockton, California 95207
   Telephone: (209) 472-7700
13 dsuntag@herumcrabtree.com
   jstevens@herumcrabtree.com
14
   Attorneys for All Defendants
15
                    UNITED STATES DISTRICT COURT
16
                    EASTERN DISTRICT OF CALIFORNIA
17

| | |
|---|---|
| D.B., a minor, by and through his guardian ad litem, Elisa Mulvihill, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR., et al, <br><br> Plaintiffs, <br> vs. <br><br> CITY OF STOCKTON, et al. <br><br> Defendants. | Case No.: 2:21-cv-02154-TLN-DB <br><br> [Assigned to the Honorable Troy L. Nunley – Courtroom 2] <br><br> AMENDMENT TO STIPULATION AND ORDER MODIFYING INITIAL PRETRIAL SCHEDULING ORDER (ECF NO. 25); DISCOVERY PLAN <br><br> [No hearing requested] |

1

AMENDMENT TO STIPULATION AND ORDER
MODIFYING SCHEDULING ORDER; DISCOVERY PLAN

Plaintiffs, D.B., a minor, by and through his Guardian Ad Litem ("GAL"), Elisa Mulvihill; K.B., a minor, by and through his GAL, Breanna Fuller; Ilia Burrise; Athena Burrise; Antwaune Burrise, Jr.; Rayjames Burrise; A.B., a minor, by and through her GAL, Tiana Franks, (all of whom bring suit in their individual capacity and as co-successors in interest to the Decedent, Antwaune Burrise, Sr.); and Stephanie Hatten, in her individual capacity (collectively referred to as "Plaintiffs"), on the one hand; and Defendants City of Stockton (the "City"); former Stockton Chief of Police Eric Jones; Officer David Wells; Officer Blake Epperson; and Officer John Griffin (collectively referred to as "Defendants"), on the other hand; all through their undersigned counsel of record, respectfully submit this Amendment to the Stipulation and Order to Modify Initial Pretrial Scheduling Order (ECF No. 25) and also their discovery plan.

## RECITALS

A.  On November 19, 2021, Plaintiffs filed this lawsuit.

B.  On November 22, 2021, the Court issued an Initial Pretrial Scheduling Order (the "Scheduling Order"). (ECF No. 3.)

C.  On March 9, 2022, the Court so ordered the parties' stipulation and proposed order to modify the Scheduling Order (the "Stipulation and Order Modifying the Scheduling Order"). (ECF No. 25).

D.  After the parties submitted the stipulation to modify the Scheduling Order, they realized they had omitted from it the cutoff for expert discovery, and they have met and conferred and enter into this Amendment to add that date and request the Court so order it.

E.  In addition, after the parties submitted the stipulation to modify the Scheduling Order, Defendants filed a motion to dismiss portions of the Complaint, scheduled for hearing on May 19, 2022. The motion has been fully briefed, and, by order issued on May 2, 2022, the Court vacated the hearing on the motion and submitted it without oral argument.

F. The Scheduling Order set a deadline for completion of non-expert discovery of 240 days after the date on which the last answer may be filed under the Federal Rules of Civil Procedure. By the Stipulation and Order Modifying the Scheduling Order, the parties intended to extend that deadline, especially because of the large amount of anticipated discovery, to provide more time to complete discovery. The Stipulation and Order Modifying the Scheduling Order proposed a deadline for non-expert discovery of March 31, 2023, which the Court so ordered.

G. However, in light of the pending motion to dismiss and the large amount of discovery the parties now realize they may need to conduct, they believe the March 31, 2023, non-expert discovery deadline will not allow them sufficient time to conduct all necessary non-expert discovery. Therefore, by this stipulation, the parties request the Court again modify the deadline to complete non-expert discovery to the date that is 365 days from the date on which the last answer may be filed under the Federal Rules. Consistent with this, the parties believe it is appropriate to extend all the successive deadlines that follow the deadline to complete non-expert discovery.

H. In addition, on April 15, 2022, the parties met and conferred by telephone as required by Fed. R. Civ. P. 26(f), and, as also required by Fed. R. Civ. P. 26(f), the parties have agreed on a discovery plan, and submit the following written report outlining the discovery plan:

(i) The parties do not see a need to change the timing, form, or requirement for initial disclosures, and they agreed to serve their initial disclosures on April 29, 2022 (and have done so).

(ii) The parties agree fact discovery will be needed on all the parties' claims and defenses, and that there is no need to conduct fact discovery in phases.

(iii) The parties do not anticipate any issues with the disclosure, discovery, or preservation of electronically stored information.

(iv)     The parties intend to submit a proposed stipulated protective order regarding confidential documents, materials, and information.

(v)     The parties agree that, given the large number of plaintiffs and percipient witnesses, the number of non-expert depositions should be increased to 30 per side.

## STIPULATION

The parties, by and through their undersigned counsel, stipulate that the Scheduling Order be further modified as follows:

| Matter | Current Date | Proposed Date |
| --- | --- | --- |
| Deadline to amend the complaint | 4/15/2022 | 8/15/2022 |
| Cutoff of Non-Expert Discovery | 3/23/2023 | The date that is 365 days after the last Answer may be filed under the Federal Rules |
| Deadline to designate expert witnesses | 5/30/2023 | 60 days after the cutoff for non-expert discovery |
| Deadline to designate rebuttal expert witnesses | 6/30/23 | 30 days after the deadline to designate expert witnesses |
| Deadline to complete expert discovery | Not yet set | 60 days after the deadline to designate rebuttal expert witnesses |
| Deadline to file dispositive motions, and stipulated, modified briefing schedule | 9/27/23 | 60 days after the deadline to complete expert discovery<br><br>Plaintiffs' Opposition to any dispositive motions shall be due 60-days after such motions are filed |

| | | |
|---|---|---|
| | | Defendants' Reply shall be due 14 days after the filing of Plaintiffs' Opposition |
| Deadline to exchange supplemental disclosures and responses | 10/3/2023 | 30 days after the deadline to file dispositive motions |
| Hearing on dispositive motions | 11/2/23 | To be set in accordance with Local Rule 230 |

Respectfully Submitted,

Dated: June 10, 2022               HERUM CRABTREE SUNTAG
                                                   *A California Professional Corporation*

                                                   By:   */s/ Dana A. Suntag*
                                                            DANA A. SUNTAG
                                                            Attorneys for all Defendants

Dated: June 10, 2022               HELM LAW OFFICE, PC

                                                   By:  */s/ T. Kennedy Helm, IV*
                                                            T. KENNEDY HELM, IV
                                                            Attorneys for all Plaintiffs

5

AMENDMENT TO STIPULATION AND ORDER
MODIFYING SCHEDULING ORDER; DISCOVERY PLAN

# ORDER

The Court, having considered the parties' Stipulation, and good cause appearing, rules as follows:

The Court finds the parties have shown good cause for the relief their Stipulation requests.

THEREFORE, the relief the parties request is GRANTED, and the Court modifies the Scheduling Order as follows:

| Matter | Current Date | New Date |
|---|---|---|
| Deadline to amend the complaint | 4/15/2022 | 8/15/2022 |
| Cutoff of Non-Expert Discovery | 3/23/2023 | The date that is 365 days after the last Answer may be filed under the Federal Rules |
| Deadline to designate expert witnesses | 5/30/2023 | 60 days after the cutoff for non-expert discovery |
| Deadline to designate rebuttal expert witnesses | 6/30/23 | 30 days after the deadline to designate expert witnesses |
| Deadline to complete expert discovery | Not yet set | 60 days after the deadline to designate rebuttal expert witnesses |
| Deadline to file dispositive motions, and stipulated, modified briefing schedule | 9/27/23 | 60 days after the deadline to complete expert discovery<br><br>Plaintiffs' Opposition to any dispositive motions shall be due 60-days after such motions are filed<br><br>Defendants' Reply |

AMENDMENT TO STIPULATION AND ORDER
MODIFYING SCHEDULING ORDER; DISCOVERY PLAN

| | | shall be due 14 days after the filing of Plaintiffs' Opposition |
|---|---|---|
| Deadline to exchange supplemental disclosures and responses | 10/3/23 | 30 days after the deadline to file dispositive motions |
| Hearing on dispositive motions | 11/2/23 | To be set in accordance with Local Rule 230 |

**IT IS SO ORDERED.**

Dated: June 13, 2022

Troy L. Nunley
United States District Judge