1  SANJAY S. SCHMIDT (State Bar No. 247475)
   LAW OFFICE OF SANJAY S. SCHMIDT
2  1388 Sutter Street, Suite 810
   San Francisco, CA 94109
3  Telephone: (415) 563-8583
4  ss@sanjayschmidtlaw.com

5  T. KENNEDY HELM, IV (State Bar No. 282319)
   HELM LAW OFFICE, PC
6  644 40th Street, Suite 305
   Oakland, CA 94609
7  Telephone: (510) 350-7517
8  kennedy@helmlawoffice.com

9  Attorneys for All Plaintiffs

10 DANA A. SUNTAG (State Bar No. 125127)
   JOSHUA J. STEVENS (State Bar No. 238105)
11 HERUM\CRABTREE\SUNTAG, LLP
   5757 Pacific Avenue, Suite 222
12 Stockton, California 95207
   Telephone: (209) 472-7700
13 dsuntag@herumcrabtree.com
14 jstevens@herumcrabtree.com

15 Attorneys for All Defendants

16                    **UNITED STATES DISTRICT COURT**

17                    **EASTERN DISTRICT OF CALIFORNIA**

18 | D.B., a minor, by and through his guardian ad litem, Elisa Mulvihill, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR., et al, | Case No.: 2:21-cv-02154-DJC-SCR |

19

20                                                   **STIPULATION REGARDING**
                                                     **PARTIES' DISPUTE OVER**
21         Plaintiffs,                               **INFORMATION REGARDING**
                                                     **DEFENDANT WELLS' MEDICAL**
22         vs.                                       **CONDITION; [PROPOSED] ORDER**

23 CITY OF STOCKTON, et al.,

24         Defendants.

25

26

27 STIPULATION RE: INFORMATION REGARDING WELLS' MEDICAL CONDITION
   & [PROPOSED] ORDER
28 Case No.: 2:21-cv-02154-DJC-SCR

All parties, through their undersigned counsel of record, stipulate as follows:

## RECITALS

A.     At the deposition of Defendant Officer David Wells on March 13, 2025, his counsel objected to questions by Plaintiffs' counsel concerning a medical condition that had previously precluded Defendant Wells from having his deposition taken, and counsel instructed the deponent not to answer those questions.

B.     Plaintiffs' counsel contends that the instruction not to answer and the refusals to answer were improper, and that evidence of Defendant Wells' medical condition may be both relevant and proportional to the needs of this case. But Plaintiffs' counsel contends they cannot make that determination without knowing more about Defendant Wells' medical condition.

C.     Defendants' counsel contends that the objections to questions regarding medical issues and instructions not to answer and the refusals to answer were proper, and that evidence of Defendant Wells' medical condition is both irrelevant and not proportional to the needs of this case, and that, moreover, Plaintiffs' counsel's line of questioning about Defendant Wells' medical condition impermissibly invades Defendant Wells' rights to privacy.

D.     Plaintiffs' counsel represent they currently know nothing about Defendant Wells' medical condition. Defendants' counsel contends that Plaintiffs' counsel are speculating that his condition might bear some relevance to the case.

E.     Therefore, in an effort to avoid litigating this dispute, counsel for the parties have met and conferred in email and by telephone. At Plaintiffs' counsel's request, Defendants' counsel are willing to try to resolve this dispute by stipulating that Defendants' counsel will have a telephone call with Plaintiffs' counsel on a mutually agreeable date by May 9, 2025, in which Defendants' counsel will provide Plaintiffs' counsel with information about Defendant Wells' medical condition to allow Plaintiffs'

1    counsel to determine whether to move to compel Defendant Wells to answer questions

2    about his medical condition.

3        F.      Counsel agree that the information shared during this phone call will be

4    designated as highly confidential, for Plaintiffs' counsels' "ears only," and Plaintiffs'

5    counsel will not communicate the information to anyone, including without limitation to

6    their clients.

7        G.      Counsel agree that any information shared by Defendants' counsel in this

8    "ears only" telephone conference may not be repeated or included in any filing before this

9    Court by Plaintiffs' counsel, to encourage candor, to preserve Defendant Wells' right to

10   privacy, and to ensure that nothing relayed by Defendants' counsel to Plaintiffs' counsel

11   can be used against Defendants in any future briefing on this topic.

12       H.      Counsel enter into this stipulation, with their clients' authority, to formalize

13   this agreement.

## **STIPULATION**

15   IT IS STIPULATED AND AGREED, by all the parties, through their undersigned

16   counsel, as follows:

17   Defendants' counsel will have a telephone call with Plaintiffs' counsel on a mutually

18   agreeable date by May 9, 2025, to be scheduled by Plaintiffs' counsel, in which

19   Defendants' counsel will provide Plaintiffs' counsel with information about Defendant

20   Wells' medical condition. This information is designated as highly confidential, for

21   Plaintiffs' counsels' "ears only," to evaluate whether they believe the information about

22   Defendant Wells' medical condition is relevant and proportional to the needs of this case,

23   so that Plaintiffs' counsel may decide whether to seek, pursuant to Eastern District Civil

24   Local Rule 251, to compel Defendant Wells to answer the questions about his medical

25   condition that he did not answer at his deposition. Plaintiffs' counsel will not communicate

26   information learned in the telephone call to anyone, including without limitation to their

27
28   STIPULATION RE WELLS' REFUSAL TO ANSWER QUESTIONS AT DEPOSITION
     & [PROPOSED] ORDER
     Case No.: 2:21-cv-02154-DJC-SCR

1   clients.

2   Respectfully Submitted,

3   Dated: April 18, 2025                    HERUM CRABTREE SUNTAG, LLP

4                                            By:  */s/ Joshua J. Stevens\**

5                                            _____

6                                            JOSHUA J. STEVENS
                                             Attorneys for all Defendants

7

8   Dated: April 18, 2025                    LAW OFFICE OF SANJAY S. SCHMIDT
                                             HELM LAW OFFICE, PC

9                                            By:  */s/ T. Kennedy Helm, IV*

10                                           _____

11                                           T. KENNEDY HELM, IV
                                             Attorneys for all Plaintiffs

12  *Counsel provided his consent that this document be filed via CM-ECF.

13

14                            **[PROPOSED] ORDER**

15          IT IS SO ORDERED.

16  Dated: April 22, 2025

17

18                                           _____

19                                           SEAN C. RIORDAN
                                             UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28  STIPULATION RE WELLS' REFUSAL TO ANSWER QUESTIONS AT DEPOSITION
    & [PROPOSED] ORDER
    Case No.: 2:21-cv-02154-DJC-SCR

3