Sanjay S. Schmidt (SBN 247475)
LAW OFFICE OF SANJAY S. SCHMIDT
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

T. Kennedy Helm, IV (SBN 282319)
HELM LAW OFFICE, PC
644 40th Street, Suite 305
Oakland, California 94609
T: (510) 350-7517
F: (510) 350-7359
email: kennedy@helmlawoffice.com

Dale K. Galipo (SBN 144074)
Hang Dieu Le (SBN 293450)
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd, Suite 310
Woodland Hills, California 91367
T: 818-347-3333
F: 818-347-4118
email: dalekgalipo@yahoo.com
email: hlee@galipolaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

D.B., a minor, by and through his guardian ad litem, Elisa Mulvihill, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; K.B., a minor, by and through his guardian ad litem, Breanna Fuller, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ILIA BURRISE, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ATHENA BURRISE, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.;

Case No. 2:21-cv-02154-DJC-SCR

**PLAINTIFFS' MOTION TO APPROVE SETTLEMENT AND TO DISBURSE MINOR PLAINTIFFS' FUNDS**

[[Proposed] Order; Declaration of T. Kennedy Helm, IV; Declaration of Tiana Franks; Declaration of Elissa Mulvihill; Declaration of Breanna Fuller; and Exhibits thereto; *filed concurrently*]

Hearing Date: March 5, 2026
Time: 1:30 p.m.

ANTWAUNE BURRISE, JR., as co-)
successor in interest to Decedent)
ANTWAUNE P. BURRISE, SR.;)
RAYJAMES BURRISE, as co-successor in)
interest to Decedent ANTWAUNE P.)
BURRISE, SR.; A.B., a minor, by and)
through her guardian ad litem, Tiana Franks,)
individually and as co-successor in interest to)
Decedent ANTWAUNE P. BURRISE, SR.;)
and, STEPHANIE HATTEN, individually,     )
                                          )
              Plaintiffs,     )
                                          )
      vs.     )
                                          )
CITY OF STOCKTON, a public entity; City)
of Stockton Police Department Chief of)
Police ERIC JONES; City of Stockton Police)
Department Officers DAVID WELLS,)
individually, BLAKE EPPERSON,)
individually, and JOHN GRIFFIN,)
individually; and DOES 1–50, jointly and)
severally,     )
                                          )
             Defendants.     )
_____)

Place: 501 I Street, Courtroom 7, 14th Floor,
        Sacramento, CA
Judge: Hon. U.S. District Judge Daniel J.
        Calabretta

MOT. TO APPROVE SETTLEMENT & TO DISBR. FUNDS FOR MINORS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on March 5, 2026, or as soon thereafter as this matter may be heard, at the United States District Court for the Eastern District of California, 501 I Street, Sacramento, California, Courtroom 7, 14th Floor, before the Honorable Judge Daniel J. Calabretta, Plaintiffs will and hereby do move for an order approving the settlement reached by the Parties, and ordering the distribution of the funds for the benefit of the minor Plaintiffs A.B., D.B., and K.B in accordance with  the disbursements proposed in these moving papers. Pursuant to § C of this Court's Standing Order in Civil Cases (May 30, 2025), co-counsel for Plaintiffs emailed a copy of this Motion along with the accompanying (proposed) order to Defendants' counsel, who will not be filing an opposition to this motion and stipulate that this motion may be heard without a hearing. Declaration of T. Kennedy Helm ("Helm Decl."), IV, ¶¶ 40, 41. The Parties further stipulate that this Motion be heard on shortened time, because the minor Plaintiffs have chosen annuities with a funding date of April 8, 2026. Helm Decl., ¶ 39.

This motion is made pursuant to Eastern District Local Rules 144; 202 (Fed. R. Civ. P. 17); 230; and *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011), which requires a court to evaluate the fairness of each minor plaintiff's net recovery without regard to the portion of the total settlement value designated to other plaintiffs and/or counsel. *Id.* at 1182. This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities; the [Proposed] Order; the Declaration of T. Kennedy Helm, IV, with Exhibits **1–3** thereto; the Declaration of Tiana Franks; the Declaration of Elissa Mulvihill; and the Declaration of Breanna Fuller, all of which are being submitted concurrently herewith, and on any such other evidence or authority as may be presented at or before the hearing on this motion.

Respectfully Submitted,

Dated: January 29, 2026

**LAW OFFICE OF SANJAY S. SCHMIDT**
**HELM LAW OFFICE, PC**
**LAW OFFICES OF DALE K. GALIPO**

*/s/ T. Kennedy Helm, IV*

MOT. TO APPROVE SETTLEMENT & TO DISBR. FUNDS FOR MINORS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

i

1

T. KENNEDY HELM, IV
Attorneys for Plaintiffs

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MOT. TO APPROVE SETTLEMENT & TO DISBR. FUNDS FOR MINORS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

ii

# TABLE OF CONTENTS

NOTICE OF MOTION ..................................................................................................................i

TABLE OF CONTENTS ........................................................................................................... iii

TABLE OF AUTHORITIES.........................................................................................................iv

MEMORANDUM OF POINTS AND AUTHORITIES.................................................................1

I.    INTRODUCTION ................................................................................................................1

II.   THE PROPOSED SETTLEMENT ......................................................................................2

III.  LEGAL STANDARD ..........................................................................................................4

IV.   DISCUSSION.......................................................................................................................5

   A.   Plaintiffs' motion complies with Local Rule 202(b)(2). .....................................5

   B.   Plaintiffs' motion complies with Local Rule 202(c). .......................................8

   C.   The proposed settlement agreement's net amount disbursed to each minor plaintiff is fair and reasonable in light of the facts of the case, the minors' specific claims, and the recovery in similar cases. ..................................................................................10

   D.   The proposed method of distributing the settlement to the minor plaintiffs here satisfies Local Rule 202(e). ....................................................................................14

V.    Conclusion ...........................................................................................................................16

MOT. TO APPROVE SETTLEMENT & TO DISBR. FUNDS FOR MINORS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

iii

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Federal Cases**

3

*A.G.A. v. Cnty. of Riverside*,

4

     No. 19-cv-00077-VAP-SPx,

5

     2019 WL 2871160 (C.D. Cal. Apr. 26, 2019) ....................................................5

6

*Abdullah v. City & Cnty. of San Francisco*,

7

     No. 19-CV-05526-LB,

8

     2020 WL 6484831 (N.D. Cal. Nov. 4, 2020) ..................................................16

9

*Armstrong v. Dossey*,

10

     No. 1:11-CV-01632-SKO,

11

     2013 WL 4676541 (E.D. Cal. Aug. 30, 2013) ................................................14

12

*City of Los Angeles v. Heller*,

13

     475 U.S. 796 (1986) .........................................................................................13

14

*D.J.M.J. v. Lincoln*,

15

     No. 2:22-cv-01167-DJC-SCR,

16

     2025 WL 2533143 (E.D. Cal. Jan. 21, 2025) ........................................5, 11, 15

17

*Doe ex rel. Scott v. Gill*,

18

     No. C 11-4759 CW,

19

     2012 WL 1939612 (N.D. Cal. May 29, 2012)................................................14

20

*E.R. v. County of Stanislaus*,

21

     No. 1:14-cv-00662-DAD-SKO,

22

     2016 WL 3354334 (E.D. Cal. June 16, 2016) ................................................15

23

*E.S. v. City of Visalia*,

24

     No. 1:13-CV-1697-LJO-BAM,

25

     2015 WL 6956837 (E.D. Cal. Nov. 3, 2015) .................................................15

26

*Estate of Alderman v. City of Bakersfield*,

27

     No. 116CV00994DADJLT,

MOT. TO APPROVE SETTLEMENT & TO DISBR. FUNDS FOR MINORS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

iv

2019 WL 827623 (E.D. Cal. Feb. 21, 2019) .................................................................15

*Garlick v. Cty. of Kern*,

No. 113CV01051LJOJLT,

2016 WL 4087057 (E.D. Cal. Aug. 2, 2016) ...................................................................14

*Johnson v. Jones*,

515 U.S. 304 (1995) ..................................................................................................12

*Mitchell v. Forsyth*,

472 U.S. 511 (1985) ..................................................................................................12

*Monell v. Department of Social Services*,

436 U.S. 658 (1978) ..........................................................................................7, 12, 13

*Ortiz v. Cnty. of Trinity*,

No. 2:21-cv-02248-DJC-AC,

2025 WL 1735387 (E.D. Cal. June 23, 2025) ................................................................14

*Rivett v. United States*,

No. 2:21-cv-00717-DAD-AC,

2023 WL 4238909 (E.D. Cal. June 28, 2023) .............................................................5, 11

*Robidoux v. Rosengren*,

638 F.3d 1177 (9th Cir. 2011) ........................................................................4, 5, 10, 11

*Rodriguez v. County of Los Angeles*,

891 F.3d 776 (9th Cir. 2018) .....................................................................................12

*S.A.C. by & through Velazquez v. Cnty. of San Diego*,

No. 17-CV-01893-LAB-BLM,

2020 WL 6559139 (S.D. Cal. Nov. 9, 2020) ..................................................................16

*Swayzer v. City of San Jose*,

No. C10-03119 HRL,

2011 WL 3471217 (N.D. Cal. Aug. 5, 2011) ..................................................................15

*Tortu v. Las Vegas Metro. Police Dept.*,

556 F.3d 1075, 1085 (9th Cir. 2009) ................................................................. 12

**Federal Rules**

Federal Rule of Civil Procedure 17(c) ................................................................. 4

**California Statutes**

California Probate Code § 3600 ......................................................................... 14

California Probate Code § 3611(b) ..................................................................... 15

California Probate Code § 3611(f) ...................................................................... 15

California Probate Code § 3914(a) ..................................................................... 15

**Eastern District of California Local Rules**

Local Rule 202(b) ............................................................................................... 4

Local Rule 202(b)(2) ........................................................................................... 5

Local Rule 202(c) ............................................................................................... 8

Local Rule 202(e) ........................................................................................ 5, 14

MOT. TO APPROVE SETTLEMENT & TO DISBR. FUNDS FOR MINORS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

vi

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

This 42 U.S.C. § 1983 civil-rights, survival, and wrongful-death action arises from the July 15, 2020, fatal shooting of thirty-nine-year-old Antwaune Burrise, Sr. by three City of Stockton Police Officers: David Wells, Blake Epperson, and John Griffin. ECF No. 1, ¶¶ 34–46. Plaintiffs are Mr. Burrise's mother, Stephanie Hatten; his four adult children—Ilia Burrise, Athena Burrise, Antwaune Burrise, Jr., and Rayjames Burrise; and his three minor children— A.B., D.B., and K.B. Defendants are the three involved officers and the City of Stockton. On November 19, 2021, Plaintiffs filed this action seeking general, special, and punitive damages for violations of their rights and Mr. Burrise's rights under the United States Constitution and California state law. ECF No. 1. On November 12, 2025, after almost four years of extensive litigation, and after significant settlement discussions, ongoing since January 2025, including two full days of mediation with a mediator from JAMS, the Parties reached a settlement of **$4,400,000.00**, conditioned on approval by the City of Stockton City Council and the California Joint Powers Risk Management Authority Board of Directors (CJPRMA). ECF No. 73. Subsequently, both the City and the CJPRMA approved the settlement. Helm Decl., ¶ 16.

Now, Plaintiffs seek an order from the Court approving the settlement, including the claims of Mr. Burrise's three minor children. The net proceeds to each minor Plaintiff will be **$320,631.87**. The minor Plaintiffs' guardians ad litem, their mothers, have all agreed that the following disbursements are in the best interests of their children. First, from each minor Plaintiff's proceeds, a small amount will be deposited into a federally insured bank account under the California Uniform Transfers to Minors Act (CUTMA) for their sole use and benefit, with the minor Plaintiffs' respective mothers as the custodians of the accounts. The majority of each minor Plaintiffs' share of the settlement proceeds will be placed into annuities. These annuities will provide monthly maintenance payments, deposited into the CUTMA accounts, until the minor Plaintiffs turn 18. Then, the annuities will provide two lump sum payments: one at age 18, and the final lump-sum payment at age 21. Because the net recovery for each minor

MOT. TO APPROVE SETTLEMENT & TO DISBR. FUNDS FOR MINORS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

1

1    Plaintiff is fair and reasonable, this motion should be granted.

2        By way of background, the three minor Plaintiffs are as follows, from oldest to youngest.

3        First, A.B. was born in April of 2010. **Ex. A**, Franks Decl., at ¶ 2. Mr. Burrise had a

4    relationship with Tiana Franks, who is a Plaintiff only in her capacity as guardian ad litem for

5    her child, A.B. **Ex. A**, Franks Decl., at ¶ 2; ECF No. 14. Together, Mr. Burrise and Ms. Franks

6    are the biological parents of A.B. **Ex. A**, Franks Decl., at ¶ 2.

7        Second, D.B. was born in August of 2010. **Ex. B**, Mulvihill Decl., at ¶ 2. Mr. Burrise had

8    a relationship with Elissa Mulvihill, who is a Plaintiff only in her capacity as guardian ad litem

9    for her child, D.B. **Ex. B**, Mulvihill Decl., at ¶ 2; ECF No. 15. Together, Mr. Burrise and Ms.

10   Mulvihill are the biological parents of D.B. **Ex. B**, Mulvihill Decl., at ¶ 2.

11       Third, K.B. was born in February of 2020. **Ex. C**, Fuller Decl., at ¶ 2. Mr. Burrise had a

12   relationship with Lombrelle Bree Hopkins. **Ex. C**, Fuller Decl., at ¶ 2. Together, Mr. Burrise and

13   Ms. Hopkins are the biological parents of K.B. **Ex. C**, Fuller Decl., at ¶ 2. Breanna Fuller, who is

14   a Plaintiff only in her capacity as guardian ad litem for K.B., is the younger sister of Ms.

15   Hopkins and has taken care of K.B. literally since his birth. Fuller Decl., at ¶ 2; ECF No. 16. In

16   2022, Ms. Fuller finalized her adoption of K.B. and is his legal mother. Fuller Decl., at ¶ 2;

17   **Exhibit 1** to Fuller Decl.

18   **II.    THE PROPOSED SETTLEMENT**

19       On November 12, 2025, all Plaintiffs and the Defendants agreed to settle this action for a

20   total gross sum of $4,400,000.00. Helm Decl., at ¶ 15. Subsequently, both the City of Stockton

21   and the California Joint Powers Risk Management Authority (CJPRMA) approved the

22   settlement. Helm Decl., at ¶ 16. Pursuant to the minor Plaintiffs' retainer agreement with their

23   attorneys of record, the attorneys' fee of 40% of the gross recovery, or $1,760,000.00, will be

24   disbursed to their attorneys. Helm Decl., at ¶ 19. The guardians ad litem all agree to this

25   disbursement of attorneys' fees. Franks Decl, ¶ 5; Mulvihill Decl, ¶ 5; Fuller Decl, ¶ 5.

26   Deduction of the attorneys' fee from the gross settlement leaves **$2,640,000.00**. Pursuant to the

27   retainer agreement, Plaintiffs' counsel may deduct reasonable case costs accrued. Helm Decl., ¶

24. Plaintiffs and their counsel incurred **$74,945.04** in reasonable case costs. Helm Decl., ¶ 25. The guardians ad litem all agree to this disbursement to reimburse attorneys for the case costs. Franks Decl, ¶ 7; Mulvihill Decl, ¶ 7; Fuller Decl, ¶ 7. After disbursement of the case costs, a net settlement remains of **$2,565,054.96** for Plaintiffs. Helm Decl., at ¶ 26. Pursuant to the Plaintiffs' internal agreement, reflecting Mr. Burrise's equally strong love for his mother and seven children, the net settlement is to be divided by eight, with each Plaintiff netting **$320,631.87**. Helm Decl., at ¶ 27. Therefore, the settlement is to be disbursed as follows:

- Athena Burrise, **$320,631.87** lump sum

- Ilia Burrise, **$320,631.87** lump sum

- Antwaune Burrise, Jr., **$320,631.87** lump sum

- Rayjames Burrise, **$320,631.87** lump sum

- Stephanie Hatten, **$320,631.87** lump sum

- A.B., a **$10,000.00** lump sum payable to Tiana Franks on behalf of A.B., to be deposited into A.B.'s California Uniform Transfer to Minors' ACT (CUTMA) bank account; and the remaining **$310,631.87**, for the purchase of an annuity, to provide **$750.00** monthly support payments into the CUTMA bank account for A.B.'s sole use and benefit, until age 18, and then lump-sum payments at ages 18 ($150,000.00) and 21 ($184,930.00). The total guaranteed benefit of the annuity is $362,428.00. Helm Decl., **Exhibit 1**.

- D.B., a **$15,000.00** lump sum payable to Elissa Mulvihill on behalf of D.B., to be deposited into D.B.'s CUTMA account; and the remaining **$305,631.87** for the purchase of an annuity, to provide **$750.00** monthly support payments into the CUTMA bank account for D.B.'s sole use and benefit, until age 18, and then lump-sum payments at ages 18 ($150,000.00) and 21 ($181,228.00). The total guaranteed benefit of the annuity is $366,885.00. Helm Decl., **Exhibit 2**.

- K.B., a **$10,000.00** lump sum payable to Breanna Fuller on behalf of K.B., to be deposited into K.B.'s CUTMA bank account; and the remaining **$310,631.87** for the purchase of an annuity, to provide $650.00 monthly support payments into the CUTMA

bank account, increasing at age 11 to $750.00, for K.B.'s sole use and benefit, until age 18, and then lump-sum payments at ages 18 ($175,000.00) and 21 ($291,827.00). The total guaranteed benefit of the annuity is $585,006.00. Helm Decl., **Exhibit 3**.

As explained in more detail in their declarations filed herewith, the guardians ad litem all reasonably believe that their children need to receive a small percentage of their settlements as soon as possible, to immediately improve their lives, and further believe that their children would benefit from support payments until they turn 18, so that they can flourish.

## III.    LEGAL STANDARD

"No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." L.R. 202(b). As relevant here, Eastern District Local Rule 202(b) requires that the motion for approval of a proposed minor's compromise disclose: (1) the age and sex of the minor; (2) the nature of the causes of action to be settled or compromised; (3) the facts and circumstances out of which the causes of action arose, including the time, place, and persons involved; and (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise amount. L.R. 202(b).

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In evaluating a settlement, the court evaluates the fairness of the minor plaintiff's net recovery without regard to the proportion of the total settlement value designated to other plaintiffs or plaintiffs' counsel. *Id.* at 1182. As the *Robidoux* panel explained:

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the *net amount* distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

1  *Id.* at 1179 (italics in original). In determining whether the settlement best serves the interests of

2  the minors, "'courts typically consider such information as the relative worth of the settlement

3  amount, the circumstances of the settlement, counsel's explanation of their views and

4  experiences in litigating these types of actions, and other similar compromises that have been

5  approved by courts.'" *D.J.M.J. v. Lincoln*, No. 2:22-cv-01167-DJC-SCR, 2025 WL 2533143, at

6  *2 (E.D. Cal. Jan. 21, 2025) (quoting *Rivett v. United States*, No. 2:21-cv-00717-DAD-AC, 2023

7  WL 4238909, at *2 (E.D. Cal. June 28, 2023) (collecting cases)).

8      "[W]here, as here, a court is exercising supplemental jurisdiction over state law claims,

9  courts will apply the *Robidoux* standard to all of the claims." *D.J.M.J.*, 2025 WL 2533143, at *2

10  (citing *A.G.A. v. Cnty. of Riverside*, No. 19-cv-00077-VAP-SPx, 2019 WL 2871160, at *3 n.1

11  (C.D. Cal. Apr. 26, 2019) (collecting cases)).

12      Finally, "[w]henever money . . . is recovered on behalf of a minor . . . the money will be:

13  (1) disbursed to the representative pursuant to state law upon a showing that the representative is

14  duly qualified under state law; (2) disbursed otherwise pursuant to state law; or (3) disbursed

15  pursuant to such other order as the Court deems proper for the protection of the minor[.]" L.R.

16  202(e).

17  **IV.  DISCUSSION**

18      **A.  Plaintiffs' motion complies with Local Rule 202(b)(2).**

19      Local Rule 202(b)(2) of the Local Rules of the United States District Court, Eastern

20  District of California, requires that the motion for approval of a proposed minors' compromise

21  disclose: (1) the age and sex of the minor; (2) the nature of the causes of action to be settled or

22  compromised; (3) the facts and circumstances out of which the causes of action arose, including

23  the time, place, and persons involved; and (4) the manner in which the compromise amount or

24  other consideration was determined, including such additional information as may be required to

25  enable the Court to determine the fairness of the settlement or compromise amount. L.R.

26  202(b)(2). That required information is set forth linearly as follows.

27  //

MOT. TO APPROVE SETTLEMENT & TO DISBR. FUNDS FOR MINORS    5
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

1. **Ages and sexes of minors.**

Plaintiff A.B. is a female, is 15, and will turn 16 in April of 2026. Plaintiff D.B. is a male, is 15, and will turn 16 in August of 2026. Plaintiff K.B. is a male, is 5, and will turn 6 in February of 2026. Franks Decl., at ¶ 2; Mulvihill Dec., at ¶ 2; Fuller Decl., at ¶ 2.

2. **Nature of the causes of action to be settled or compromised.**

Plaintiffs' Complaint asserts eight causes of action:

- The First Cause of Action, brought by Mr. Burrise's children as his co-successors-in-interest, asserts against Defendants Epperson, Griffin, and Wells, violations of Mr. Burrise's rights under the Fourth Amendment to be free from unreasonable searches and seizures, from excessive and unreasonable force, and from unlawful deadly force. ECF No. 1, ¶¶ 51–55.

- The Second Cause of Action, brought by all Plaintiffs, asserts violations by Defendants Epperson, Griffin, and Wells of Plaintiffs' rights to be free from wrongful government interference with familial relationships and Plaintiffs' rights to companionship, society, and support, as secured by the First and Fourteenth Amendments. ECF No. 1, ¶¶ 56–63.

- The Third Cause of Action, brought by all Plaintiffs, asserts against the City of Stockton under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) that an unconstitutional custom, policy, or practice of the City of Stockton deprived Mr. Burrise and Plaintiffs of their constitutional rights. ECF No. 1, ¶¶ 64–75.

- The Fourth Cause of Action, brought by all Plaintiffs against the-then Chief of the Stockton Police, asserts a supervisory liability theory for the constitutional violations. ECF No. 1 ¶¶ 76–84.

- The Fifth Cause of Action, brought by Mr. Burrise's children as his co-successors-in-interest, asserts against Defendants Epperson, Griffin, and Wells (and the City of Stockton, vicariously) violations of Mr. Burrise's rights under California Civil Code § 52.1 (the Bane Act). ECF No. 1 ¶¶ 85–91.

- The Sixth Cause of Action, on behalf of Mr. Burrise's children as his co-successors-in-

interest, asserts against Defendants Epperson, Griffin, and Wells (and the City of Stockton, vicariously), violations of Mr. Burrise's rights under Article I, § 13 of the California Constitution. ECF No. 1 ¶¶ 92–96.

- The Seventh Cause of Action, brought individually by Mr. Burrise's children and in their capacities as his co-successors-in-interest, asserts against Defendants Epperson, Griffin, and Wells (and the City of Stockton, vicariously), negligence under California law. ECF No. 1 ¶¶ 97–104.

- Lastly, the Eighth Cause of Action, brought by Mr. Burrise's children as his co-successors-in-interest, asserts against Defendants Epperson, Griffin, and Wells (and the City of Stockton, vicariously), assault and battery against Mr. Burrise under California law. ECF No. 1 ¶¶105–107.

Plaintiffs' Complaint also seeks damages, including punitive damages, in addition to attorneys' fees and costs under 42 U.S.C. § 1988 and California Civil Code §§ 52 and 52.1. ECF No. 1 ¶ 49.

### 3. The facts and circumstances out of which the causes of action arose, including the time, place, and persons involved.

This 42 U.S.C. § 1983 wrongful-death and survival action arises out of the fatal shooting of Mr. Burrise on the afternoon of July 15, 2020, at an apartment complex at 5222 Cosumnes Drive, Stockton, CA 95219, by City of Stockton Police Officers David Wells, Blake Epperson, John Griffin. These officers, part of a team to arrest Mr. Burrise for questioning in relation to a murder in which he was a suspect, fired their weapons into Mr. Burrise's vehicle as he reversed the vehicle. Defendants attempted to justify this shooting by claiming that Mr. Burrise's reversing vehicle was going to strike Officer Griffin. Plaintiffs contended that objective, body-worn camera video footage showed that Officer Griffin was not in the path of Mr. Burrise's vehicle and, thus, that Mr. Burrise did not pose an imminent threat of death or serious bodily injury to Officer Griffin or anyone else when deadly force was used on him. Instead, Plaintiffs contended that, as the officers had planned, Officer Griffin was in a safe and secure location at

the time the shots commenced, under a parking structure. Thus, Plaintiffs maintained that, because Mr. Burrise did not pose an imminent threat to anyone when the officers opened fire, the shooting was unreasonable and unlawful.

### 4. The manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise.

On January 22, 2025, the Parties attended an approximately nine-hour-long in person mediation, but the case did not settle. Helm Decl., at ¶ 10. On June 4, 2025, the Parties completed fact discovery. Helm Decl., at ¶ 11. On August 21, 2025, the Parties exchanged Federal Rule of Civil Procedure 26(a)(2)(B) expert disclosures. Helm Decl., at ¶ 12.

On October 1, 2025, the Parties participated in a second full-day mediation session via Zoom; the case did not settle, but settlement discussions continued. Helm Decl., at ¶ 13. On October 17, 2025, the Parties began expert depositions, with Plaintiffs deposing Defendants' police-practices expert. Helm Decl., at ¶ 14. On November 12, 2025, after further conversations, the Parties reached a proposed settlement that was conditioned on approval by the City of Stockton City Council and the California Joint Powers Risk Management Authority Board of Directors (CJPRMA). Helm Decl., at ¶ 15. Subsequently, the settlement was approved by both bodies. *Id*. at ¶ 16.

### B. Plaintiffs' motion complies with Local Rule 202(c).

Eastern District Local 202(c) provides:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court [1] by whom and the terms under which the attorney was employed; [2] whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; [3] whether the attorney stands in any relationship to that party; and [4] whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c). Each factor is addressed as follows, in turn.

### 1. By whom and the terms under which the attorneys were employed.

Plaintiffs' counsel were hired by minor Plaintiff D.B., by and through his mother and

MOT. TO APPROVE SETTLEMENT & TO DISBR. FUNDS FOR MINORS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

8

guardian ad litem, Elissa Mulvihill; Stephanie Hatten; Ilia Burrise; Athena Burrise; minor Plaintiff A.B., by and through her mother and guardian ad litem, Tiana Franks; Plaintiff K.B., by and through his mother and guardian ad litem, Breanna Fuller; RayJames Burrise; and Antwaune Burrise, Jr. Helm Decl., at ¶¶ 7–8.

The retainer agreement set the attorneys' fee as 40% of the gross recovery if the case were to settle at the stage at which it settled. Helm Decl., at ¶ 9. The retainer agreement provided that the attorneys would advance case costs which, in the event of a recovery, would be deducted from the settlement after deduction of the attorneys' fees. Helm Decl., at ¶ 9. The retainer agreement further provides that the attorneys' fee is to be divided among co-counsel. Helm Decl., at ¶ 9.

**2.  Whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted.**

Neither Mr. Schmidt, nor Mr. Helm, nor Mr. Galipo became involved in this application for minors' compromise, nor did any counsel become concerned with this matter, at the instance of any Defendant against whom the causes of action are asserted. Helm Decl., at ¶ 4.

**3.  Whether the attorney stands in any relationship to that party.**

Neither Mr. Schmidt, nor Mr. Helm, nor Mr. Galipo stands in any relationship to any of the Defendants. Helm Decl., at ¶ 5.

**4.  Whether the attorney has received or expects to receive any compensation, from whom, and the amount.**

Neither Mr. Schmidt, nor Mr. Helm, nor Mr. Galipo has received any compensation to date in this case, but they expect, pursuant to the retainer agreement, to receive attorneys' fees in the amount of **$1,760,000.00**, 40% of the gross amount of the settlement, in addition to reimbursement of their reasonable case costs of **$74,945.04**. Helm Decl., at ¶¶ 6, 19, 25.

//

//

//

1
2
3

**C.     The proposed settlement agreement's net amount disbursed to each minor plaintiff is fair and reasonable in light of the facts of the case, the minors' specific claims, and the recovery in similar cases.**

4
5
6
7

Importantly, in evaluating a settlement, the court evaluates the fairness of the minor plaintiff's net recovery without regard to the proportion of the total settlement value designated to other plaintiffs and/or plaintiffs' counsel. *Robidoux*, 638 F.3d at 1182. As the *Robidoux* panel explained:

8
9
10
11
12

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the *net amount* distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

13
14
15
16
17
18
19

*Id.* at 1179 (italics in original). In determining whether the settlement best serves the interests of the minors, "'courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other similar compromises that have been approved by courts.'" *D.J.*, 2025 WL 2533143, at *2 (quoting *Rivett* (collecting cases)). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Roubidoux*, at 1182.

20

**1.     This case's facts presented significant risk to Plaintiffs' counsel.**

21
22
23
24
25
26
27

Plaintiffs' counsel faced a significant risk of not obtaining any recovery at trial, given the shooting's circumstances and Mr. Burrise's criminal history. As to the shooting's circumstances, Defendants asserted that Mr. Burrise was wanted for murder; was known to be armed; and was attempting to strike an officer with his car. Although unknown to the Defendants at the time, Mr. Burrise also had firearms in his vehicle, and toxicology results showed that Mr. Burrise had methamphetamine in his system at the time of the autopsy. Even if Plaintiffs prevailed at trial on

liability, because Mr. Burrise previously had spent multiple years incarcerated, a jury that was unsympathetic to Mr. Burrise and his family could have awarded only a modest sum for past and future non-economic damages for the minor Plaintiffs' loss of familial association with their father. Conversely, there was the possibility of a substantial award, given Mr. Burrise's close relationship with his children and given the facts surrounding the shooting, which presented an equally significant risk to the Defendants. These competing risks and the unpredictability of jury trials are what prompted and motivated the Parties to settle. The risks of potentially being uncompensated for well over 1,000 hours of attorney time, *see* Helm Decl. at ¶ 22, and incurring more than $74,945.04 (this figure would have significantly increased with additional expert discovery and trial) in unreimbursed case costs was borne solely by Plaintiffs' counsel, however.

> **2.** **The nature of the minors' specific claims presented substantial risk to Plaintiffs' counsel.**

The affirmative defense of qualified immunity, which bars recovery of damages, provided a substantial obstacle to the First and Second Causes of Action, Section 1983 claims against Defendants Wells, Epperson, and Griffin. The First Cause of Action sought recovery for violations of Mr. Burrise's rights under the Fourth Amendment to be free from an unreasonable seizure. The Second Cause of Action sought recovery for violation of the minor Plaintiffs' rights under the First and Fourteenth Amendments to be free from wrongful government interference with familial relationships.

Both the First and the Second Causes of Action were vulnerable to the federal qualified-immunity affirmative defense. The inquiry into whether an individual defendant is entitled to qualified immunity consists of two steps: (1) determining whether a constitutional right was violated, a question of fact; and (2) determining whether the right was clearly established, a question of law. *Tortu v. Las Vegas Metro. Police Dept.*, 556 F.3d 1075, 1085 (9th Cir. 2009). Both prongs are Plaintiffs' responsibility to prove, and the individual Defendants would have moved for summary judgment based on qualified immunity on the First and Second Causes of Action. Even if Defendants' motion for summary judgment were denied, a district court's denial

MOT. TO APPROVE SETTLEMENT & TO DISBR. FUNDS FOR MINORS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

11

of qualified immunity, to the extent that it turns on a legitimate and reasonably disputable question of law rather than on a finding that the pretrial record sets forth a genuine issue of material fact for trial, is immediately appealable by an individual defendant. *Mitchell v. Forsyth*, 472 U.S. 511 (1985) ("*Forsyth* appeal"); *Johnson v. Jones*, 515 U.S. 304 (1995). A legitimate *Forsyth* appeal of a question of law normally "divests the district court of its control over those aspects of the case involved in the appeal." *Rodriguez v. County of L.A.*, 891 F.3d 776, 790 (9th Cir. 2018). Such an interlocutory appeal would have transferred this action to the Ninth Circuit and added years to the case, and would have significantly added to the hours accrued by counsel. If the Ninth Circuit panel were to have found for the Defendants, then the First and Second Causes of Action would have been dismissed. Plaintiffs' counsel was optimistic and confident that the facts of this case dictated a denial of summary judgment on both prongs of qualified immunity, but the inherently subjective doctrine leads to unpredictable results and opinions.

The Third Cause of Action, brought by all Plaintiffs against the City of Stockton under *Monell*, alleged that an unconstitutional custom, policy or practice of the City of Stockton deprived Mr. Burrise and Plaintiffs of their constitutional rights. ECF No. 1, ¶¶ 64–75. While not subject to the qualified immunity defense, liability for this Cause of Action still depends on establishing a constitutional violation, and could have potentially been limited or foreclosed if Plaintiffs' First and Second Causes of Action were dismissed on prong one of qualified immunity.

The Fourth Cause of Action, brought by all Plaintiffs against the-then Chief of the Stockton Police, asserted a supervisory liability theory for the constitutional violations. ECF No. 1, ¶¶ 76–84. This claim, too, was vulnerable to the qualified immunity defense.

Although the qualified immunity defense is inapplicable to the state law claims, the California state-law causes of action also presented substantial risk and uncertainty. The Fifth Cause of Action, under California Civil Code § 52.1, required proving to a jury that the Defendants acted in reckless disregard for Mr. Burrise's rights when they shot him. Analytically, the § 52.1 claim would rise or fall with whether Plaintiffs could prove the "constitutional

violation" prong of the § 1983 Fourth Amendment survival claim: whether a reasonable jury could find that the shooting violated Burrise's rights. The Sixth Cause of Action, for violations of Mr. Burrise's rights under Article I, § 13 of the California, and the Eighth Cause of Action, for assault and battery, would rise or fall with the § 1983 Fourth Amendment survival claim. Finally, the Seventh Cause of Action, for negligence under California law, carried the risk that a jury would find Mr. Burrise comparatively at fault for an indeterminate percentage, which could have substantially reduced any recovery.

In sum, even though the case analysis by Plaintiffs' counsel led them to be very optimistic that the facts painstakingly adduced in discovery would amply support the claims through summary judgment and trial, the subjective and unpredictable nature of current qualified immunity jurisprudence and the inherent unpredictability of jury trials, nevertheless, presented substantial risks to Plaintiffs' counsel.

### 3. The net amount to each plaintiff falls at the high end of wrongful-death cases involving law enforcement.

Based on similar cases involving minor Plaintiffs whose parent was killed by law-enforcement, the net amount to be disbursed to A.B., D.B., and K.B. is fair and reasonable. *See Ortiz v. Cnty. of Trinity*, No. 2:21-cv-02248-DJC-AC, 2025 WL 1735387, at *1–5 (E.D. Cal. June 23, 2025) (approving net settlement amount of $300,000.00 each for two minor children whose father was shot and killed by a third party, allegedly due to a law-enforcement officer's leaving the scene)*; Garlick v. Cty. of Kern*, No. 113CV01051LJOJLT, 2016 WL 4087057, at *2–3 (E.D. Cal. Aug. 2, 2016) (approving net amount of $132,000.00 for minor child in wrongful death and excessive force action against county and police officers), *report and recommendation adopted*, No. 113CV01051LJOJLT, 2016 WL 4445852 (E.D. Cal. Aug. 22, 2016); *Armstrong v. Dossey*, No. 1:11-CV-01632-SKO, 2013 WL 4676541, at *1, 3 (E.D. Cal. Aug. 30, 2013) (approving net settlement of minors' claims for $22,500 and $11,000 respectively, in action involving their father's death and claims of excessive force against officers); *Doe ex rel. Scott v. Gill*, No. C 11-4759 CW, 2012 WL 1939612, at *1 (N.D. Cal. May 29, 2012) (approving a

minor's compromise in the net amount of $7,188.85 where minor's mother was shot and killed by police officers when decedent was under the influence and attempting to hit officer with stolen vehicle); *Swayzer v. City of San Jose*, No. C10-03119 HRL, 2011 WL 3471217, at *1 (N.D. Cal. Aug. 5, 2011) (in action with alleged wrongful death during arrest, approving minor child's settlement in net amount of $2,054.17); *E.S. by & through Gonzalez v. City of Visalia*, No. 1:13-CV-1697-LJO-BAM, 2015 WL 6956837, at *1 (E.D. Cal. Nov. 3, 2015) (approving a minor's compromise for net payment of $130,444.83 in action arising out of law-enforcement fatal shooting of minor's father), *report and recommendation adopted*, No. 113CV01697LJOBAM, 2015 WL 13215675 (E.D. Cal. Nov. 20, 2015); *Est. of Alderman v. City of Bakersfield*, No. 116CV00994DADJLT, 2019 WL 827623, at *1 (E.D. Cal. Feb. 21, 2019) (in action involving fatal shooting of father, approving settlement in net amount of $22,862.07 to each of two minor plaintiffs); *E.R. v. County of Stanislaus*, No. 1:14-cv-00662-DAD-SKO, 2016 WL 3354334 (E.D. Cal. June 16, 2016) (approving net settlement of $19,000 for the wrongful death of a parent while in custody); *D.J.M.J*, at *2–3 (approving net settlement of $39,193.10 per each of two minor plaintiffs in case where father died after police k-9 attack).

Here, each minor Plaintiff will receive a net settlement of **$320,631.87**, which falls on the high end compared to other recoveries in these kinds of cases.

**D.    The proposed method of distributing the settlement to the minor plaintiffs here satisfies Local Rule 202(e).**

Local Rule 202(e) requires money or property recovered on behalf of a minor to be "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor[.]" L.R. 202(e). "Courts can use a variety of methods for the disbursement of settlement funds to a minor." *S.A.C. by & through Velazquez v. Cnty. of San Diego*, No. 17-CV-01893-LAB-BLM, 2020 WL 6559139, at *3 (S.D. Cal. Nov. 9, 2020) (citing Cal. Prob. Code § 3600 *et seq.*). One approved method of disbursement of funds is to deposit them into a custodial account, and

deliver the funds in accordance with the California Uniform Transfers to Minors Act and California Probate Code § 3611(f). *See Abdullah v. City & Cnty. of San Francisco*, No. 19-CV-05526-LB, 2020 WL 6484831, at *1 (N.D. Cal. Nov. 4, 2020). Under California Probate Code § 3914(a), a court order is not required for the withdrawal of such funds. *Id.* Such funds must be expended for the sole use and benefit of the minor. Another approved method is a structured annuity. Cal. Prob. Code § 3611(b).

Here, the minor Plaintiffs will receive both. The mothers of each of the minor Plaintiffs have established at federally insured banks an account under the California Uniform Transfer to Minors Act (CUTMA) accounts for their children. Franks Decl., ¶ 17; Mulvihill Decl., ¶ 17; Fuller Decl., ¶ 14. The minor Plaintiffs' mothers will serve as custodians of the accounts, and they may expend the custodial property as they deem advisable for the sole use and benefit of the minor Plaintiffs. First, into each CUTMA, each minor will receive an initial lump sum payment. Franks Decl., ¶ 16; Mulvihill Decl., ¶ 16; Fuller Decl., ¶ 13.

Second, each minor's remaining settlement funds will be used to purchase annuities to accomplish two objectives, as set forth in the Attachments. Helm Decl., **Exs. 1–3**. First, the annuities will deposit into the CUTMA custodial bank accounts monthly support payments. The mothers will expend these funds for the sole use and benefit of the minor Plaintiffs, to allow them to grow and thrive until they turn 18. Franks Decl., ¶¶ 16, 22–28; Mulvihill Decl., ¶¶ 16, 18, 21–25; Fuller Decl., ¶¶ 13, 15, 19, 20–21.

Second, the annuities will provide six-figure, lump-sum payments to the minor Plaintiffs when they turn 18, and then when they turn 21. As explained in the attached declarations, the minor Plaintiffs' mothers and guardians ad litem respectfully request these monthly payments to ensure that the minor Plaintiffs have stable and comfortable lives, filled with extracurricular activities. None of the mothers and guardians ad litem is pursuing any claims against Defendants and they have no claims against the minor Plaintiffs in connection with the subject incident. Franks Decl., ¶ 3; Mulvihill Decl., ¶ 3; Fuller Decl., ¶ 3. While the minor Plaintiffs' mothers could have chosen structured annuities with payouts over longer times, the method of

disbursement of funds that they have selected satisfies Local Rule 202(e).

## V.    CONCLUSION

For the foregoing reasons, the motion should be granted.

Respectfully Submitted,

Dated: January 29, 2026

**LAW OFFICE OF SANJAY S. SCHMIDT
HELM LAW OFFICE, PC
LAW OFFICES OF DALE K. GALIPO**

*/s/ T. Kennedy Helm, IV*
T. Kennedy Helm, IV
Attorneys for Plaintiffs

MOT. TO APPROVE SETTLEMENT & TO DISBR. FUNDS FOR MINORS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

16