Sanjay S. Schmidt (SBN 247475)
LAW OFFICE OF SANJAY S. SCHMIDT
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

T. Kennedy Helm, IV (SBN 282319)
HELM LAW OFFICE, PC
644 40th Street, Suite 305
Oakland, California 94609
T: (510) 350-7517
F: (510) 350-7359
email: kennedy@helmlawoffice.com

Dale K. Galipo (SBN 144074)
Hang Dieu Le (SBN 293450)
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd, Suite 310
Woodland Hills, California 91367
T: 818-347-3333
F: 818-347-4118
email: dalekgalipo@yahoo.com
email: hlee@galipolaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| D.B., a minor, by and through his guardian ad litem, Elisa Mulvihill, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; K.B., a minor, by and through his guardian ad litem, Breanna Fuller, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ILIA BURRISE, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ATHENA BURRISE, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; | Case No. 2:21-cv-02154-DJC-SCR<br><br>**DECLARATION OF T. KENNEDY HELM, IV IN SUPPORT OF PLAINTIFFS' MOTION TO APPROVE SETTLEMENT AND TO DISBURSE MINOR PLAINTIFFS' FUNDS**<br><br>Hearing Date: March 5, 2026<br>Time: 1:30 p.m.<br>Place: 501 I Street, Courtroom 7, 14th Floor, Sacramento, CA<br>Judge: Hon. Daniel J. Calabretta |

| | |
|---|---|
| 1 | ANTWAUNE BURRISE, JR., as co-successor in interest to Decedent ) |
| 2 | ANTWAUNE P. BURRISE, SR.; ) |
| 3 | RAYJAMES BURRISE, as co-successor in interest to Decedent ANTWAUNE P. ) |
| 4 | BURRISE, SR.; A.B., a minor, by and through her guardian ad litem, Tiana Franks, ) |
| 5 | individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ) |
| 6 | and, STEPHANIE HATTEN, individually, ) |
| 7 | Plaintiffs, ) |
| 8 | vs. ) |
| 9 | CITY OF STOCKTON, a public entity; City ) |
| 10 | of Stockton Police Department Chief of Police ERIC JONES; City of Stockton Police ) |
| 11 | Department Officers DAVID WELLS, individually, BLAKE EPPERSON, ) |
| 12 | individually, and JOHN GRIFFIN, individually; and DOES 1–50, jointly and ) |
| 13 | severally; ) |
| 14 | Defendants. ) |
| 15 | ) |
| 16 | ) |

## DECLARATION OF T. KENNEDY HELM, IV

I, T. Kennedy Helm, IV, hereby declare as follows:

1. I am an attorney duly licensed to practice law in all courts of the State of California and in the United States District Court for the Eastern District of California. I am one of the attorneys of record for the Plaintiffs in this action.

2. Each of the matters hereinafter stated is within my own personal knowledge or is derived from the docket, files, records, and/or my contemporaneous time records in this action; if called as a witness, I could and would competently testify thereto under oath.

3. I make this Declaration in Support of Plaintiffs' Motion to Approve the Settlement and to Disburse Minor Plaintiffs' Funds. The Motion does not seek an order for payment of money to a special needs trust.

4. Plaintiffs' counsel—Sanjay S. Schmidt, T. Kennedy Helm, IV, Dale K. Galipo, and Hang D. Le—did not become concerned with this matter at the instance of any party against whom the claim of any of the Plaintiffs is asserted.

5. Plaintiffs' counsel does not stand in any relationship to any of the Defendants and are not employed by any other party or any insurance carrier involved in this matter.

6. Plaintiffs' counsel have not to date received any compensation for their services in connection herewith from any person.

7. Plaintiffs' counsel were hired by minor Plaintiff D.B., by and through his mother and guardian ad litem Elissa Mulvihill; Stephanie Hatten; Ilia Burrise; Athena Burrise; minor Plaintiff A.B., by and through her mother and guardian ad litem Tiana Franks; Plaintiff K.B., by and through his mother and guardian ad litem Breanna Fuller; Rayjames Burrise; and Antwaune Burrise, Jr.

8. The Plaintiffs first retained my co-counsel, Sanjay S. Schmidt (based out of San Francisco, CA). When he was contacted by the family about the case, the family did not previously know of him at that time; since the incident had occurred in Stockton, CA, the family had initially sought representation by at least two Sacramento-area attorneys and one Bay Area

HELM DECL. I.S.O. PLFS.' MOT. TO APPROVE SETTLEMENT & DISBRS. MINOR PLFS.' FUNDS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

1

attorney, all three of whom (and potentially more) had declined to take the case. Recognizing that the case did have some challenging facts, but also believing it was a meritorious case that should be brought in order to vindicate the constitutional rights of Mr. Burrise, his heirs, and his mother, Mr. Schmidt agreed to take the case. Mr. Schmidt and I work together on many cases and exclusively handle federal civil rights litigation. When Mr. Schmidt approached me about co-counseling this case, I, too, recognized there were some challenging facts, but also believed that this was a meritorious case that should be brought; thus, I agreed to co-counsel the case. Mr. Schmidt and I litigated the case through non-expert discovery. Dale Galipo, lead trial counsel, and his associate, Hang Le, associated in as co-counsel, on July 22, 2025. ECF No. 72.

9. The retainer agreement set the attorneys' fee as 40% of the gross recovery if the case were to settle at the stage at which it settled. The retainer agreement provided that the attorneys would advance case costs which, in the event of a recovery, would be deducted from the settlement after deduction of the attorneys' fees. The retainer agreement further provides that the attorneys' fee is to be divided among co-counsel.

10. On January 22, 2025, the Parties attended an approximately nine-hour-long in person mediation, but the case did not settle.

11. On June 4, 2025, the Parties completed fact discovery.

12. On August 21, 2025, the Parties exchanged Federal Rule of Civil Procedure 26(a)(2)(B) expert disclosures.

13. On October 1, 2025, the Parties participated in a second full-day mediation session via Zoom; the case did not settle, but settlement discussions continued.

14. On October 17, 2025, the Parties began expert depositions, with Plaintiffs deposing Defendants' police-practices expert.

15. On November 12, 2025, the Parties reached a settlement of **$4,400,000.00**, conditioned on approval by the City of Stockton City Council and the California Joint Powers Risk Management Authority Board of Directors (CJPRMA).

HELM DECL. I.S.O. PLFS.' MOT. TO APPROVE SETTLEMENT & DISBRS. MINOR PLFS.' FUNDS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

2

16. Subsequently, both the City of Stockton and the CJPRMA approved the settlement.

17. The nature of the minor Plaintiffs' claims in this lawsuit is set forth in the operative Complaint in this action, ECF No. 1. Pursuant to the Settlement Agreement, the minor Plaintiffs' claims will be compromised without a trial on the merits.

18. The minor Plaintiffs' damages in this case arise from: (1) the injuries suffered by decedent for which the minor Plaintiffs can recover damages as successors-in-interest (survival damages), including the decedent's pre-death pain and suffering and the decedent's loss of life damages; and (2) the minor Plaintiffs' individual loss of Mr. Burrise's comfort, care, companionship, training, support, and guidance.

19. Pursuant to the minor Plaintiffs' retainer agreement with their attorneys of record, the attorneys' fee of 40% of the gross recovery, or **$1,760,000.00**, will be disbursed to their attorneys. Litigating this case involved a substantial amount of risk. If Plaintiffs had prevailed at trial, the statutory attorneys' fees alone due to the minor Plaintiffs' attorneys under the retainer agreement would have exceeded $1,000,000.00. If the minor Plaintiffs' attorneys could not recover a significant compensatory fee in such cases, the attorneys would not be able to take such cases. In turn, other minor plaintiffs would not be able to attract competent counsel who could achieve similar results.

20. Mr. Schmidt and I typically accept all our cases on a contingency fee basis. Like most of our clients, the Plaintiffs in this case were not in a position to retain our services as civil rights litigation attorneys on an hourly basis or to pay for litigation expenses as they were incurred, but we agreed to move forward and undertake representation of the Plaintiffs on a contingency fee basis. Given the substantial investment of time that civil rights contingency fee cases require, we both must limit the number of these cases that we take.

21. After agreeing to pursue claims on the Plaintiffs' behalf, we performed all work on this case on a contingent fee basis, and have also advanced all costs, to be repaid out of the Plaintiffs' share of any recovery, at zero interest. As is usually the case, we were taking a risk

with our limited time, as well as with the advanced costs. Uncertainty is inherent in contingency fee work, and that uncertainty is exponentially higher in federal civil rights cases; litigating such cases requires gambling a substantial expenditure of hours and advanced costs over an extended period of time – the entire lifetime of the case, which can be many years in a complex civil rights case like the instant matter.

22. To date, the hours I have accrued on this matter and the hours my co-counsel, Mr. Schmidt, has accrued, together, are well over 1,000, and that is not even including the hours accrued by Mr. Galipo and his associate. These accrued hours represent nearly 5 ½ years of legal work, for which no compensation has yet been received.

23. Deduction of the attorneys' fee from the gross settlement leaves **$2,640,000.00.**

24. Pursuant to the retainer agreement, Plaintiffs' counsel may deduct reasonable case costs accrued.

25. Plaintiffs and their counsel incurred **$74,945.04** in reasonable case costs.

26. After disbursement of the case costs, a net settlement remains of **$2,565,054.96** for Plaintiffs.

27. Pursuant to the Plaintiffs' internal agreement, reflecting Mr. Burrise's equally strong love for his mother and seven children, the net settlement is to be divided by eight, with each Plaintiff netting an equal share of **$320,631.87**.

28. Therefore, the settlement is to be disbursed to the adult Plaintiffs as follows: Athena Burrise, **$320,631.87** lump sum; Ilia Burrise, **$320,631.87** lump sum; Antwaune Burrise, Jr., **$320,631.87** lump sum; Rayjames Burrise, **$320,631.87** lump sum; and Stephanie Hatten, **$320,631.87** lump sum.

29. Relatedly, the guardians ad litem request that the minors' shares of the settlement proceeds be disbursed to the minor Plaintiffs as set forth in the following paragraphs:

30. To the minor A.B., a **$10,000.00** lump sum shall be disbursed, made payable to A.B.'s mother and guardian ad litem, Tiana Franks, on behalf of A.B., to be deposited into

1  A.B.'s California Uniform Transfer to Minors' ACT (CUTMA) bank account; the remaining
2  **$310,631.87** shall be used for the purchase of an annuity.

3      31.    Attached hereto as **Exhibit 1** is a true-and-correct copy of the proposed structured
4  annuity for the minor Plaintiff A.B., which is incorporated herein by reference.

5      32.    The annuity will provide **$750.00** monthly support payments into the CUTMA
6  bank account for A.B.'s sole use and benefit until A.B. reaches age 18, and then lump-sum
7  payments at ages 18 ($150,000.00) and 21 ($184,930.00). The total guaranteed benefit of the
8  annuity is $362,930.00.

9      33.    To the minor D.B., a **$15,000.00** lump sum shall be disbursed, made payable to
10 D.B.'s mother and guardian ad litem, Elissa Mulvihill, on behalf of D.B., to be deposited into
11 D.B.'s CUTMA account; the remaining **$305,631.87** shall be used for the purchase of an
12 annuity.

13     34.    Attached hereto as **Exhibit 2** is a true-and-correct copy of the proposed structured
14 annuity for the minor Plaintiff D.B., which is incorporated herein by reference.

15     35.    The annuity will provide **$750.00** monthly support payments into the CUTMA
16 bank account for D.B.'s sole use and benefit, until D.B. reaches age 18, and then lump-sum
17 payments at ages 18 (**$150,000.00**) and 21 (**$182,228.00)**. The total guaranteed benefit of the
18 annuity is $366,885.00.

19     36.    To the minor K.B., a **$10,000.00** lump sum shall be disbursed, made payable to
20 K.B.'s legal mother and guardian ad litem, Breanna Fuller, on behalf of K.B., to be deposited
21 into K.B.'s CUTMA bank account; the remaining **$310,631.87** shall be used for the purchase of
22 an annuity.

23     37.    Attached hereto as **Exhibit 3** is a true-and-correct copy of the proposed structured
24 annuity for the minor K.B., which is incorporated herein by reference.

25     38.    The annuity will provide **$650.00** monthly support payments into the CUTMA
26 bank account, increasing at age 11 to $750.00, for K.B.'s sole use and benefit, until age 18, and

27

HELM DECL. I.S.O. PLFS.' MOT. TO APPROVE SETTLEMENT & DISBRS. MINOR PLFS.' FUNDS    5
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

then lump-sum payments at ages 18 ($175,000.00) and 21 ($291,827.00). The total guaranteed benefit of the annuity is **$585,005.00**.

39. The annuities must be funded by April 8, 2026, in order to lock in the interest rates that are set forth in the above-referenced structured annuities, the terms of which are set forth in **Exhibits 1–3**.

40. On January 23, 2026, my co-counsel, Sanjay S. Schmidt, emailed to defense counsel, Joshua J. Stevens, at jstevens@herumcrabtree.com the following: (1) a copy of the (Proposed) Order; (2) a draft Stipulation and (Proposed) Order to Shorten Time and to Approve the Settlement without a Hearing.

41. On January 27, 2026, my co-counsel, Sanjay S. Schmidt, emailed to defense counsel, Joshua J. Stevens, a copy of: (1) the Motion; and (2) the Exhibits (**1–3)** to this Declaration.

42. Defendants do not oppose this Motion, or the (proposed) order, and stipulate that it may be heard without a hearing and on shortened time.

43. I have discussed this case extensively with my co-counsel, and we all agree that the minors' recovery is fair and reasonable. I have exclusively litigated civil-rights case since 2014, and my co-counsel, Mr. Schmidt, has litigated civil-rights cases since 2010. Over the past decades, Mr. Galipo has tried more civil-rights shooting cases to verdict, and has secured more seven-figure awards in such cases, than any other attorney in the United States. We all agree that, given the risks inherent in these cases in general, and the difficult facts we faced in this case in particular, the settlement in this case is fair and reasonable, including the net amount that each minor Plaintiff will receive.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct, and that this was executed this 29th day of January, 2026, at Oakland, California.

                */s/ T. Kennedy Helm, IV*
                T. Kennedy Helm, IV

HELM DECL. I.S.O. PLFS.' MOT. TO APPROVE SETTLEMENT & DISBRS. MINOR PLFS.' FUNDS   6
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR