Sanjay S. Schmidt (SBN 247475)
LAW OFFICE OF SANJAY S. SCHMIDT
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

T. Kennedy Helm, IV (SBN 282319)
HELM LAW OFFICE, PC
644 40th Street, Suite 305
Oakland, California 94609
T: (510) 350-7517
F: (510) 350-7359
email: kennedy@helmlawoffice.com

Dale K. Galipo (SBN 144074)
Hang Dieu Le (SBN 293450)
THE LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd, Suite 310
Woodland Hills, California 91367
T: 818-347-3333
F: 818-347-4118
email: dalekgalipo@yahoo.com
email: hlee@galipolaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| D.B., a minor, by and through his guardian ad litem, Elisa Mulvihill, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; K.B., a minor, by and through his guardian ad litem, Breanna Fuller, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ILIA BURRISE, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ATHENA BURRISE, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; | Case No. 2:21-cv-02154-DJC-SCR<br><br>**DECLARATION OF TIANA FRANKS, GUARDIAN AD LITEM FOR PLAINTIFF A.B., IN SUPPORT OF PLAINTIFFS' MOTION TO APPROVE SETTLEMENT AND TO DISBURSE MINOR PLAINTIFFS' FUNDS** |

FRANKS DECL. I.S.O. MOT. TO APPROVE SETTLEMENT & TO DISBRS. MINOR PLFS.' FUNDS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

|  |  |
|---|---|
| 1 | ANTWAUNE BURRISE, JR., as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; RAYJAMES BURRISE, as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; A.B., a minor, by and through her guardian ad litem, Tiana Franks, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; and, STEPHANIE HATTEN, individually, |
|  | Plaintiffs, |
|  | vs. |
|  | CITY OF STOCKTON, a public entity; City of Stockton Police Department Chief of Police ERIC JONES; City of Stockton Police Department Officers DAVID WELLS, individually, BLAKE EPPERSON, individually, and JOHN GRIFFIN, individually; and DOES 1–50, jointly and severally, |
|  | Defendants. |

FRANKS DECL. I.S.O. MOT. TO APPROVE SETTLEMENT & TO DISBRS. MINOR PLFS.' FUNDS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

# DECLARATION OF TIANA FRANKS

I, Tiana Franks, hereby declare as follows:

1. The facts stated in this Declaration are true and correct to the best of my knowledge and/or I am informed and believe them to be true and if called upon and sworn to testify, I could and would testify truthfully thereto.

2. I am the biological mother of and appointed guardian ad litem in this matter for minor plaintiff A.B., a child of Antwaune Burrise, Sr., who was shot and killed by City of Stockton police officers on July 15, 2020. My daughter, A.B., was born in April of 2010 and will turn 16 years old in April of 2026.

3. I am not a claimant in this matter and will not receive any settlement money of my own.

4. I am submitting this declaration in support of the Plaintiffs' Motion to Approve the Settlement and to Disburse Funds for the Benefit of the Minor Plaintiffs, requesting that the Court approve the $4.4 million settlement of all Plaintiffs' federal and state-law claims, and that the funds be disbursed in accordance with the [proposed] order.

5. My retainer agreement with Sanjay S. Schmidt; T. Kennedy Helm, IV; and Dale K. Galipo provides for a 40% contingency fee, taken from the gross recovery. I agree that attorneys' fees of $1,760,000.00 will be deducted, leaving $2,640,000.00. I understand and have agreed that my attorneys will then split the fee among themselves.

6. My retainer agreement also provides that any litigation costs advanced by Sanjay S. Schmidt; T. Kennedy Helm, IV; or Dale K. Galipo will be reimbursed from the settlement funds before the net proceeds will be disbursed to the Plaintiffs.

7. I have been informed that the total advanced litigation costs are **$74,945.04**. I agree that these litigation costs were reasonably incurred and may be deducted from the settlement amount, leaving a net settlement of **$2,565,054.96**.

8. The Plaintiffs have all agreed to divide any settlement proceeds equally among Mr. Burrise's mother and seven children.

9. I understand and agree that each Plaintiff will receive 1/8th of the settlement proceeds,

totaling **$320,631.87** per Plaintiff. Accordingly, Plaintiff A.B. will receive an equal share of $**320,631.87**, a sum that I believe to be fair and reasonable under the circumstances.

10. I felt secure with my daughter being represented by Mr. Schmidt, Mr. Helm, and Mr. Galipo, who collectively have significant experience in police misconduct and wrongful-death cases. The attorneys kept me informed and were always available for consultation and advice. I felt confident that they had the resources, experience, and determination to take this case to trial, if necessary, and to defend it on appeal.

11. I have been informed that the Burrise family was not initially able to secure legal representation after Mr. Burrise was shot and killed. My understanding is that at least three different civil rights attorneys declined to accept the case, including at least two in the Sacramento area and at least one in the Bay Area. When the family was put in touch with Mr. Schmidt, who ultimately agreed to take on the case, the family was relieved to secure representation and were appreciative.

12. My attorneys prepared the case thoroughly through all phases. I observed the extensive litigation that was undertaken, which included, among other work, motion practice and extensive written discovery; depositions of all officers that fired shots; depositions of officers that were present; depositions of supervisors; a deposition of the Defendants' police practices expert; and other depositions, as well as depositions of all the Plaintiffs and many other witnesses.

13. In addition to explaining the process to me and my Co-Plaintiffs and keeping us apprised of developments during the litigation and providing updates, as well as guiding us through the process when our depositions were taken, the attorneys also prepared me thoroughly for all phases of the case, including the lengthy and intense mediations. I closely followed the subsequent efforts to reach a settlement. A resolution was reached after continuing discussions following the second mediation session.

14. Recognizing the inherent challenges in these types of cases in general, the challenging facts in our case specifically, and, moreover, the uncertainty of a trial and possible appeals, I am very satisfied with the outcome.

Docusign Envelope ID: 14045F7E-3F6D-4FA5-9E55-F9D18EADE13E

Case 2:21-cv-02154-DJC-SCR     Document 76-5     Filed 01/29/26     Page 5 of 7

15. I respectfully request that A.B.'s net settlement amount of **$320,631.87** be disbursed in a manner that begins immediately benefitting her during her remaining teenage years, until she turns 18.

16. First, for A.B.'s immediate benefit, I request that an amount of **$10,000.00**, which is only about 3.12% of the net settlement amount, be paid into a custodial bank account pursuant to the California Uniform Transfers to Minors Act (CUTMA bank account) and California Probate Code § 3611(f). These funds will be used for expenditures that are in A.B.'s best interests and support her current needs as she transitions into adulthood, as explained below.

17. I have already opened a custodial CUTMA bank account at a federally insured bank.

18. I will be the custodian of the CUTMA bank account, and will, as per California Probate Code § 3914(a), expend the funds for the sole use and benefit of A.B.

19. A.B. is nearly 16 years old and has recently reached several important milestones. She has obtained her driver's license and secured her first job, demonstrating responsibility, motivation, and independence. As her needs have evolved, the financial responsibilities associated with supporting her growth, safety, and long-term goals have, too.

20. Second, I respectfully request that the remaining $**310,631.87** be used to purchase a structured settlement annuity for A.B., providing her with the payments set forth in the Attachment to Petition and/or Order for Minor's Compromise, Helm Decl, **Exhibit No. 1**.

21. Third, for A.B.'s ongoing benefit, I request that, beginning on May 15, 2026, the annuity deposit into A.B.'s CUTMA bank account monthly payments of **$750.00**, guaranteed for 1 year and 11 months, with the last guaranteed payment on 03/15/2028.

22. Here are some of the principal expenditures for A.B.'s benefit that the $10,000.00 lump sum and the guaranteed monthly payments of $750.00 will be used to cover:

23. Now that A.B. is driving, funds are needed and, thus, will be used to cover the expenses of purchasing a reliable vehicle, fuel, insurance, registration, and routine maintenance. These expenses are directly related to her ability to safely attend school, work, extracurricular activities, and future educational programs.

FRANKS DECL. I.S.O. MOT. TO APPROVE SETTLEMENT & TO DISBRS..MINOR PLFS.' FUNDS   3
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

24. Funds will be expended on a complete replacement of her essential clothing, including both school attire and work-appropriate clothing, which is needed because, over the past year, A.B. has lost more than 50 pounds through exercise and a healthy diet, so none of her clothing fits anymore.

25. Funds will be expended on an educational trip to Florida, which is being sponsored by the Black Student Union (BSU) at A.B.'s school. Participation in BSU has been a positive influence on her academic engagement, leadership development, and sense of identity, and I believe continued support of these activities is important to her overall development. Funds will also be expended on cosmetology supplies, tools, training, and educational expenses. A.B. has shown a strong interest and aptitude in cosmetology. She has already begun doing hair and has expressed a clear goal of attending cosmetology school and eventually owning her own beauty business. The requested funds would allow me to responsibly support this aspiration through the purchase of necessary supplies, tools, training materials, and future educational expenses that align with this career path.

26. I promise to expend these funds for the sole use and benefit of A.B., to allow her to thrive until she turns 18.

27. I have raised A.B. as a single parent for over five years since the death of her father. Although I do work, I am still in need of financial help.

28. A.B. is a conscientious student and is assuming increasing responsibility as she grows closer to adulthood. For these important years, I would like to make sure that my daughter has as healthy and comfortable a life as possible. A.B. is a responsible, driven young woman with clear goals and a strong work ethic. The proposed disbursement and structure allow me, as her parent, to meet her legitimate needs, support her ambitions, and continue guiding her toward long-term stability and success.

29. Under the disbursement schedule outlined in the attachment to Mr. Helm's declaration (Ex. 1), when A.B. turns 18, the annuity will pay A.B. a guaranteed lump sum payment of $**150,000.00**.

30. Lastly, when A.B. turns 21, the annuity will pay out the remainder of the settlement funds as a guaranteed lump-sum payment of **$184,930.00.**

FRANKS DECL. I.S.O. MOT. TO APPROVE SETTLEMENT & TO DISBRS..MINOR PLFS.' FUNDS    4
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

31. I understand the total value of the annuity is **$362,930.00.**

32. I did not feel comfortable committing A.B.'s settlement proceeds to an annuity beyond her turning 21, an age at which I believe that she will be able to make responsible life decisions and, in my view, should manage her own assets.

33. The settlement structure I am requesting is intended to ensure that funds are used in a controlled, purposeful manner that directly benefits A.B. during her remaining minor years, while, in my view, also preserving substantial assets for her at key stages of adulthood.

34. My daughter is very kind, strong and intelligent, and we would give anything for her father to be in her life and for them to grow old together, but all she has now is me and her half-siblings. I would like to know that my daughter will live a safe and comfortable life both before and after she reaches 18.

35. For the reasons discussed above, I respectfully submit that the settlement and proposed distribution are in A.B.'s best interests; thus, respectfully request approval of the proposed settlement and distribution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this was executed __1/29/2026__, at Ceres, California.



Signed by:
Tiana Franks
7698595ED8BE478...

Tiana Franks

FRANKS DECL. I.S.O. MOT. TO APPROVE SETTLEMENT & TO DISBRS..MINOR PLFS.' FUNDS     5
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR