Sanjay S. Schmidt (SBN 247475)
LAW OFFICE OF SANJAY S. SCHMIDT
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

T. Kennedy Helm, IV (SBN 282319)
HELM LAW OFFICE, PC
644 40th Street, Suite 305
Oakland, California 94609
T: (510) 350-7517
F: (510) 350-7359
email: kennedy@helmlawoffice.com

Dale K. Galipo (SBN 144074)
Hang Dieu Le (SBN 293450)
THE LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd, Suite 310
Woodland Hills, California 91367
T: 818-347-3333
F: 818-347-4118
email: dalekgalipo@yahoo.com
email: hlee@galipolaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| D.B., a minor, by and through his guardian ad litem, Elisa Mulvihill, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; K.B., a minor, by and through his guardian ad litem, Breanna Fuller, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ILIA BURRISE, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ATHENA BURRISE, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; | Case No. 2:21-cv-02154-DJC-SCR<br><br>**DECLARATION OF ELISSA NICOLE MULVIHILL, GUARDIAN AD LITEM FOR PLAINTIFF D.B., IN SUPPORT OF PLAINTIFFS' MOTION TO APPROVE SETTLEMENT AND TO DISBURSE MINOR PLAINTIFFS' FUNDS** |

MULVIHILL DECL. I.S.O. MOT. TO APPROVE SETTLEMENT & TO DISBRS. MINOR PLFS.' FUNDS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

Docusign Envelope ID: DE020B01-08D4-43C6-8EF2-2BB26662EC6E

| | |
|---|---|
| ANTWAUNE BURRISE, JR., as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; RAYJAMES BURRISE, as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; A.B., a minor, by and through her guardian ad litem, Tiana Franks, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; and, STEPHANIE HATTEN, individually, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CITY OF STOCKTON, a public entity; City of Stockton Police Department Chief of Police ERIC JONES; City of Stockton Police Department Officers DAVID WELLS, individually, BLAKE EPPERSON, individually, and JOHN GRIFFIN, individually; and DOES 1–50, jointly and severally; | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) ) |

MULVIHILL DECL. I.S.O. MOT. TO APPROVE SETTLEMENT & TO DISBRS. MINOR PLFS.' FUNDS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

# DECLARATION OF ELISSA MULVIHILL

I, Elissa Mulvihill, hereby declare as follows:

1. The facts stated in this Declaration are true and correct to the best of my knowledge and/or I am informed and believe them to be true and if called upon and sworn to testify, I could and would testify truthfully thereto.

2. I am the biological mother of and appointed guardian ad litem in this matter for minor plaintiff D.B., a child of Antwaune Burrise, Sr., who was shot and killed by City of Stockton police officers on July 15, 2020. My son, D.B., was born in August of 2010 and will turn 16 years old in August of 2026. I am also the biological mother of Antwaune Burrise, Sr.'s adult daughter and Co-Plaintiff in this action, Athena Burrise.

3. I am not a claimant in this matter and will not receive any settlement money of my own.

4. I am submitting this declaration in support of the Plaintiffs' Motion to Approve the Settlement and to Disburse Funds for the Benefit of the Minor Plaintiffs, requesting that the Court approve the $4.4 million settlement of all Plaintiffs' federal and state-law claims, and that the funds be disbursed in accordance with the [proposed] order.

5. My retainer agreement with Sanjay S. Schmidt; T. Kennedy Helm, IV; and Dale K. Galipo provides for a 40% contingency fee, taken from the gross recovery. I agree that attorneys' fees of $1,760,000.00 will be deducted, leaving $2,640,000.00. I understand and have agreed that my attorneys will then split the fee among themselves.

6. My retainer agreement also provides that any litigation costs advanced by Sanjay S. Schmidt; T. Kennedy Helm, IV; or Dale K. Galipo will be reimbursed from the settlement funds before the net proceeds will be disbursed to the Plaintiffs.

7. I have been informed that the total advanced litigation costs are **$74,945.04**. I agree that these litigation costs were reasonably incurred and may be deducted from the settlement amount, leaving a net settlement of **$2,565,054.96.**

8. The Plaintiffs have all agreed to divide any settlement proceeds equally among Mr. Burrise's mother and seven children.

9. I understand and agree that each Plaintiff will receive 1/8th of the settlement proceeds, totaling **$320,631.87** per Plaintiff. Accordingly, Plaintiff D.B. will receive an equal share of $**320,631.87**, a sum that I believe to be fair and reasonable under the circumstances.

10. I felt secure with my son being represented by Mr. Schmidt, Mr. Helm, and Mr. Galipo, who collectively have significant experience in police misconduct and wrongful-death cases. The attorneys kept me informed and were always available for consultation and advice. I felt confident that they had the resources, experience, and determination to take this case to trial, if necessary, and to defend it on appeal.

11. We were not initially able to secure legal representation after Mr. Burrise was shot and killed. At least three different civil rights attorneys declined to accept the case, including at least two in the Sacramento area and at least one in the Bay Area. When we were put in touch with Mr. Schmidt, who ultimately agreed to take on the case, we were relieved that we secured representation and were appreciative.

12. My attorneys prepared the case thoroughly through all phases. I observed the extensive litigation that was undertaken, which included, among other work, motion practice and extensive written discovery; depositions of all officers that fired shots; depositions of officers that were present; depositions of supervisors; a deposition of the Defendants' police-practices expert; and other depositions, as well as depositions of all the Plaintiffs and many other witnesses.

13. In addition to explaining the process to me and my Co-Plaintiffs and keeping us apprised of developments during the litigation and providing updates, as well as guiding us through the process when our depositions were taken, the attorneys also prepared me thoroughly for all phases of the case, including the lengthy and intense mediations. I participated in the first mediation in person, the second mediation via Zoom, and I closely followed the subsequent efforts to reach a settlement. A resolution was reached after continuing discussions following the second mediation session.

14. Recognizing the inherent challenges in these types of cases in general, the challenging

1  facts in our case specifically, and, moreover, the uncertainty of a trial and possible appeals, I am
2  very satisfied with the outcome.

3  15. I respectfully request that D.B.'s net settlement amount of **$320,631.87** be disbursed in a
4  manner that begins immediately benefitting him during his remaining teenage years, until he turns
5  18.

6  16. First, for D.B.'s immediate benefit, I request that an amount of **$15,000.00**, or about 4.67%
7  of the net settlement amount, be paid into a custodial bank account pursuant to the California
8  Uniform Transfers to Minors Act (CUTMA bank account) and California Probate Code § 3611(f).

9  17. I have already opened a custodial CUTMA bank account at a federally insured bank.

10  18. I will be the custodian of the CUTMA bank account, and will, as per California Probate
11  Code § 3914(a), expend the funds for the sole use and benefit of D.B. Here are the expenditures
12  for D.B.'s benefit that the $15,000.00 lump sum would cover, along with the approximate cost of
13  such expenditures: ~$1000 for behind the wheel driver's training; Orthodontal work: ~$3,240.00
14  (the after insurance cost for work that will cost $5,240.00, per the estimate provided to me by the
15  provider); ~$3600 for the annual, increased insurance premium that will be incurred by adding
16  D.B., a minor, to my automobile insurance policy as a driver; ~$3000.00 to purchase a bedroom
17  set suitable for D.B., who is a very large young man, who has outgrown his full size bed; these
18  funds are needed to purchase a queen/king size bed; mattress, box springs, headboard, plus a frame
19  and dresser; ~$1,000.00 for the oversized clothing D.B. needs (he has outgrown many of his
20  clothes), including jeans that fit ($75.00 - $125.00 each), a jacket ($350.00), shirts ($40.00 - $80.00
21  each), sweatpants/sweatsuits ($50.00 - $100.00 per piece); and ~$1,500.00 - ~$2,000.00 for a
22  MacBook laptop for D.B. to utilize for school.

23  19. Second, I respectfully request that the remaining **$305,631.87** be used to purchase a
24  structured settlement annuity for D.B., providing him with the payments set forth in the
25  Attachment to Petition and/or Order for Minor's Compromise, Helm Decl, **Exhibit No. 2**.

26  20. First, beginning on May 15, 2026, the annuity will deposit into D.B.'s CUTMA bank
27  account monthly payments of **$750.00**, guaranteed for the next 2 years and 3 months, until D.B.

MULVIHILL DECL. I.S.O. MOT. TO APPROVE SETTLEMENT & TO DISBRS..MINOR PLFS.' FUNDS     3
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

turns 18.

21. I promise to expend these funds for the sole use and benefit of D.B., to allow him to thrive until he turns 18.

22. I have raised D.B. as a single parent for over five years since the death of his father. He is a diligent tenth-grade student. For these important years, I would like to make sure that my son has as healthy and comfortable a life as possible. Although I do work, I am still in need of financial help. D.B. is almost 16 years old, and he is constantly growing. He is currently 5'10" and wears a size 11 shoe. He requires a lot of food to sustain his quickly growing body and mind. As he is only in the 10th grade, he will continue to grow, regularly requiring new clothes.

23. Before my son turns 18, I want him to take professional driver's education classes, so that he learns how to drive, which will encourage development of his independence and gradually help him take on more responsibilities. I would also like to set aside money for my son to fully experience and enjoy homecoming, prom, and graduation.

24. We currently live in a four-bedroom home. My son, D.B., has his own room. He will soon need a larger bed, and he needs a computer at which to do his homework. During his free time, my son also likes going to the movies with friends, going to Sky Zone (a trampoline park), attending football and basketball games, attending school sponsored events, and going to the amusement park with friends and family. I would like to encourage his continued interest in healthy extracurricular, recreational, and leisure activities. I would also love to be able to take him on outings and trips to visit family members out of state to promote his positive development and help him build lasting relationships with his relatives.

25. Accordingly, the monthly $750.00 maintenance payments will be used to cover the following approximated expenses for D.B.'s benefit, to position him for success at school and facilitate his participation in extracurricular activities, and to advance his health and overall wellness: $150.00 per week for grocery/food expenses (approximately $600.00) per month; $50.00-$100.00 per week for school lunch and after school snacks (approximately $200-$400 per month); $50.00 per month for cellular phone bill + cost of financed iPhone; $200.00 per month for

MULVIHILL DECL. I.S.O. MOT. TO APPROVE SETTLEMENT & TO DISBRS..MINOR PLFS.' FUNDS     4
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

clothing and shoes, including socks, underwear, pajamas, jackets, and other items, to accommodate his growth spurts; $50.00 per month for personal hygiene items (body wash, deodorant, lotion, hair products, face wash/toner, toothpaste); $50.00 haircut x 2 a month ($100.00 per month); $100.00 per month allowance for social activities (movies with friends, Sky Zone, football/basketball/school sponsored events, amusement park admission); $150.00 per month for dining out or ordering in (average cost of one meal is $18-25; 6-8 meals out per month); $200.00 per month for health insurance (Kaiser high deductible plan with $3000.00 annual out of pocket expense limit before insurance coverage applies; pending treatment needed to remove large keloid from ear; cost dependent on treatment plan required after steroid injections).

26. Second, when D.B. turns 18, the annuity will pay D.B. a guaranteed lump sum payment of $**150,000.00**.

27. Third, when D.B. turns 21, the annuity will pay out the remainder of the settlement funds as a guaranteed lump-sum payment of **$181,228.00.**

28. I understand the total value of the annuity is **$366,885.00.**

29. I did not feel comfortable committing D.B.'s settlement proceeds to an annuity beyond his turning 21, an age at which I believe that he will be able to make responsible life decisions and, in my view, should manage his own assets.

30. My son is very kind, strong and intelligent, and we would give anything for his father to be in his life and for them to grow old together, but all he has now is me, his siblings, and his half-siblings. I would like to know that my son will live a safe and comfortable life both before and after he reaches 18.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this was executed 1/29/2026_____, at Stockton, California.


Elissa Nicole Mulvihill

MULVIHILL DECL. I.S.O. MOT. TO APPROVE SETTLEMENT & TO DISBRS..MINOR PLFS.' FUNDS      5
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR