Sanjay S. Schmidt (SBN 247475)
LAW OFFICE OF SANJAY S. SCHMIDT
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

T. Kennedy Helm, IV (SBN 282319)
HELM LAW OFFICE, PC
644 40th Street, Suite 305
Oakland, California 94609
T: (510) 350-7517
F: (510) 350-7359
email: kennedy@helmlawoffice.com

Dale K. Galipo (SBN 144074)
Hang Dieu Le (SBN 293450)
THE LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd, Suite 310
Woodland Hills, California 91367
T: 818-347-3333
F: 818-347-4118
email: dalekgalipo@yahoo.com
email: hlee@galipolaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| D.B., a minor, by and through his guardian ad litem, Elisa Mulvihill, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; K.B., a minor, by and through his guardian ad litem, Breanna Fuller, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ILIA BURRISE, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ATHENA BURRISE, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ANTWAUNE BURRISE, JR., as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; RAYJAMES BURRISE, as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; A.B., a | Case No. 2:21-cv-02154-DJC-SCR<br><br>**DECLARATION OF BREANNA ROCHELLE FULLER, GUARDIAN AD LITEM FOR PLAINTIFF K.B., IN SUPPORT OF PLAINTIFFS' MOTION TO APPROVE SETTLEMENT AND TO DISBURSE MINOR PLAINTIFFS' FUNDS** |

FULLER DECL. I.S.O. MOT. TO. APPROVE SETTLEMENT & DSBRS. MINOR PFS.' FUNDS.
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

Docusign Envelope ID: 116D15B1-DFCE-47E4-B0C9-78410C6C1B5B

|   |   |
|---|---|
| minor, by and through her guardian ad litem, Tiana Franks, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; and, STEPHANIE HATTEN, individually, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CITY OF STOCKTON, a public entity; City of Stockton Police Department Chief of Police ERIC JONES; City of Stockton Police Department Officers DAVID WELLS, individually, BLAKE EPPERSON, individually, and JOHN GRIFFIN, individually; and DOES 1–50, jointly and severally; | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) ) |

FULLER DECL. I.S.O. MOT. TO. APPROVE SETTLEMENT & DSBRS. MINOR PFS.' FUNDS.
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

# DECLARATION OF BREANNA ROCHELLE FULLER

I, Breanna Rochelle Fuller, hereby declare as follows:

1. The facts stated in this Declaration are true and correct to the best of my knowledge and/or I am informed and believe them to be true and if called upon and sworn to testify, I could and would testify truthfully thereto.

2. I am the adoptive mother of and appointed guardian ad litem in this matter for minor Plaintiff K.B., the youngest child of Antwaune Burrise, Sr., who was shot and killed by City of Stockton police officers on July 15, 2020. My son, K.B., was born in February 2020, and will turn 6 years old next month. K.B.'s biological mother is Lombrelle Hopkins, my older sister. I have taken care of K.B. literally since his birth. On August 19, 2022, my adoption of K.B. was finalized by order of the California Superior Court for the County of Alameda, Juvenile Division. A true and correct copy of that Adoption Order is attached hereto as **Exhibit 1** (Adoption Order). My address, phone number, K.B.'s date of birth, and K.B.'s full name were redacted from the attached Adoption Order.

3. I am not a claimant in this matter and will not receive any settlement money of my own.

4. I am submitting this declaration in support of the Plaintiffs' Motion to Approve the Settlement and to Disburse Funds for the Benefit of the Minor Plaintiffs, requesting that the Court approve the $4.4 million settlement of all Plaintiffs' federal and state-law claims, and that the funds be disbursed in accordance with the [proposed] order.

5. My retainer agreement with Sanjay S. Schmidt; T. Kennedy Helm, IV; and Dale K. Galipo provides for a 40% contingency fee, taken from the gross recovery. I agree that attorneys' fees of **$1,760,000.00** will be deducted, leaving **$2,640,000.00.** I understand and have agreed that my attorneys will then split the fee among themselves.

6. My retainer agreement also provides that any litigation costs advanced by Sanjay S. Schmidt; T. Kennedy Helm, IV; or Dale K. Galipo will be reimbursed from the settlement funds before the net proceeds will be disbursed to the Plaintiffs.

7. I have been informed that the total advanced litigation costs are **$74,945.04**. I agree that

1  these litigation costs may be deducted from the settlement amount, leaving a net settlement of
2  **$2,565,054.96**.

3     8. The Plaintiffs have all agreed to divide any settlement proceeds equally among Mr.
4  Burrise's mother and seven children.

5     9. I understand and agree that each Plaintiff will receive 1/8th of the settlement proceeds,
6  totaling **$320,631.87** per Plaintiff. Accordingly, Plaintiff K.B. will receive an equal share of
7  $**320,631.87**, a sum that I believe to be fair and reasonable under the circumstances.

8     10. I am very happy with the representation of K.B. provided by Mr. Schmidt, Mr. Helm, and
9  Mr. Galipo, who have significant experience in police misconduct and wrongful-death cases. The
10 attorneys kept me informed. I felt confident that they had the resources, experience, and tenacity
11 to take this case to trial, if necessary, and to defend it on appeal.

12     11. Although I did not participate in the mediations, I am satisfied with the outcome.

13     12. I respectfully request that K.B.'s net settlement amount of **$320,631.87** be disbursed in a
14 manner that begins immediately helping him during the approximately 12 years remaining until
15 he turns 18.

16     13. First, for K.B.'s immediate benefit, I request that an amount of **$10,000.00**, which is only
17 about 3.12% of the net settlement amount, be deposited into a custodial bank account pursuant to
18 the California Uniform Transfers to Minors Act (CUTMA account) and California Probate Code
19 § 3611(f).

20     14. I have already opened a custodial CUTMA bank account at a federally insured bank.

21     15. I will be the custodian of the CUTMA bank account, and will, as per California Probate
22 Code § 3914(a), expend the funds for the sole use and benefit of K.B. I will apply this initial
23 $10,000.00 payment to the following: (1) housing and living stability, contribution towards rent,
24 utilities, and household expenses to maintain a stable and safe living environment for K.B.; (2)
25 childcare services and supervision to allow me to attend work obligations, court hearings, legal
26 meetings, and required appointments without disrupting K.B.'s routine; (3) school supplies,
27 clothing, uniforms, extracurricular activities, tutoring, or educational support services as needed;

FULLER DECL. I.S.O. MOT. TO. APPROVE SETTLEMENT & DISBRS. MINOR PLFS.' FUNDS.    2
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

(4) transportation costs related to school, medical appointments, childcare, and court-related obligations; (5) medical and wellness expenses, including co-pays, prescriptions, therapy, counseling, or other health-related needs not fully covered by insurance; (6) emergency and unforeseen child-related needs, including court-ordered services or sudden care requirements. This initial $10,000.00 will be used exclusively for K.B.'s benefit and to ensure his continued stability, care, and well-being.

16. Second, I respectfully request that the remaining **$310,631.87** be used to purchase a structured settlement annuity for K.B.

17. Under the structured settlement annuity for K.B., he will receive the following payments set forth in the Attachment with the payout schedule. Helm Decl., **Exhibit No. 3.**

18. First, the annuity will deposit into K.B.'s custodial bank account monthly payments of **$650.00**, until he turns 11.

19. Then, the annuity will deposit into K.B.'s custodial bank account monthly payments of **$750.00**, until K.B. turns 18.

20. I promise to expend these funds for the sole use and benefit of K.B., to allow him to thrive until he turns 18. I want to continue to expand K.B.'s after-school activities. Twice a week, for about an hour, K.B. takes karate classes at Solis Karate in Hercules, which costs $199.00 per month. K.B. also loves soccer and is playing soccer every Friday for about an hour at Sofive Soccer Centers Alameda, which costs about $300 per semester. K.B. also gets tutoring in English and Math at LEAP in Alameda, California, on Tuesdays and Thursdays. Each session costs $150.00 per subject, so I spend $600.00 on tutoring.

21. These payments until age 18 are needed to support K.B.'s ongoing living, educational, and developmental needs, including, but not limited to: extracurricular activities, such as karate program fees; soccer registration, uniforms, and equipment; activity-related transportation; educational support, including tutoring, academic enrichment and school supplies and learning materials; daily living expenses, such as food, clothing, shoes, and seasonal items; utilities and household costs directly related to K.B.'s care; childcare and supervision, including after-school

care, supervision during work hours, and coverage for school breaks; transportation, including gas and travel costs for school, activities, tutoring, and appointments; and medical and wellness needs, including co-pays, prescriptions, and preventative care not fully covered by insurance. The increase in the monthly support payments from $650 to $750 reflects increased costs as K.B. grows, including higher educational, extracurricular, and living expenses.

22. Second, when K.B. turns 18, the annuity will pay K.B. a guaranteed lump sum payment of **$175,000.00**.

23. Third, when K.B. turns 21, the annuity will pay out the remainder of the settlement funds as a guaranteed lump-sum payment of **$291,827.00**.

24. I understand the total value of the annuity is **$585,005.00.**

25. I did not feel comfortable committing K.B.'s resources to an annuity beyond his turning 21. By this age, K.B. should be responsible for his life decisions, including managing his money.

26. My son, age four months at the time of the incident, has come to know his father through photos and family stories. Now five, he carries a photo in his wallet of his father cradling him as a newborn. I am very happy that his father, though no longer around, will continue to support his growth and development.

I declare under penalty of perjury according to the laws of the United States and of California that the foregoing is true and correct, and that this was executed this 1/29/2026 at Hercules, California.

DocuSigned by:
Breanna Rochelle Fuller

FULLER DECL. I.S.O. MOT. TO. APPROVE SETTLEMENT & DISBRS. MINOR PLFS.' FUNDS.    4
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR