Sanjay S. Schmidt (SBN 247475)
LAW OFFICE OF SANJAY S. SCHMIDT
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

T. Kennedy Helm, IV (SBN 282319)
HELM LAW OFFICE, PC
644 40th Street, Suite 305
Oakland, California 94609
T: (510) 350-7517
F: (510) 350-7359
email: kennedy@helmlawoffice.com

Dale K. Galipo (SBN 144074)
Hang Dieu Le (SBN 293450)
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd, Suite 310
Woodland Hills, California 91367
T: 818-347-3333
F: 818-347-4118
email: dalekgalipo@yahoo.com
email: hlee@galipolaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| D.B., a minor, by and through his guardian ad litem, Elissa Mulvihill, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; K.B., a minor, by and through his guardian ad litem, Breanna Fuller, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ILIA BURRISE, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; ATHENA BURRISE, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; | Case No. 2:21-cv-02154-DJC-SCR<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO APPROVE SETTLEMENT AND TO DISBURSE MINOR PLAINTIFFS' FUNDS**<br><br>Hearing Date: March 5, 2026<br>Time: 1:30 p.m.<br>Place: 501 I Street, Courtroom 7, 14th Floor, Sacramento, CA<br>Judge: Hon. Daniel J. Calabretta |

| | |
|---|---|
| ANTWAUNE BURRISE, JR., as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; RAYJAMES BURRISE, as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; A.B., a minor, by and through her guardian ad litem, Tiana Franks, individually and as co-successor in interest to Decedent ANTWAUNE P. BURRISE, SR.; and, STEPHANIE HATTEN, individually, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CITY OF STOCKTON, a public entity; City of Stockton Police Department Chief of Police ERIC JONES; City of Stockton Police Department Officers DAVID WELLS, individually, BLAKE EPPERSON, individually, and JOHN GRIFFIN, individually; and DOES 1–50, jointly and severally; | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

[PROP.] ORDER ON PLFS.' MOT. TO APPROVE SETTLEMENT & DISBURSE MINOR PLFS.' FUNDS
*D.B., et al. v. City of Stockton, et al.*
Case No. 2:21-cv-02154-DJC-SCR

**[PROPOSED] ORDER**

This Court has reviewed Plaintiffs' Motion to Approve Settlement and To Disburse Minor Plaintiffs' Funds and has considered the issues raised therein. The motion is granted as follows:

1. All sums and periodic payments set forth constitute damages on account of personal physical injuries or physical illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

2. Within 30 days of entry on ECF of this Order, Defendant City of Stockton (the "City") shall cause a check to be issued in the amount of **$3,473,104.39** and made payable to the "Law Office of Sanjay S. Schmidt, Attorney-Client Trust (IOLTA) Account," and shall deliver the check to the Law Office of Sanjay S. Schmidt. Within fourteen (14) days of receiving this check, Plaintiffs' counsel shall disburse these funds as follows:

   a. **$1,760,000.00**, to satisfy the attorneys' fees, will be disbursed pursuant to agreement among the Law Office of Sanjay S. Schmidt, Helm Law Office, PC, and the Law Offices of Dale K. Galipo to satisfy the attorneys' fees.

   b. **$74,945.04,** to reimburse reasonable case costs, will be disbursed pursuant to agreement among the Law Office of Sanjay S. Schmidt, Helm Law Office, PC, and the Law Offices of Dale K. Galipo.

   c. A check for **$10,000.00** made payable to "Tiana Franks, as Custodian of the account, for the benefit of A.B., a minor," for the benefit of minor Plaintiff A.B. will be issued for deposit into A.B.'s California Uniform Transfer to Minors' Act (CUTMA) custodial account. The payment will be delivered in accordance with the CUTMA and California Probate Code § 3611(f). This custodial account either has already been or shall be opened at a federally insured bank. A.B.'s mother, Tiana Franks, is appointed custodian of the account and may expend the custodial property as she deems advisable for the sole use and benefit of A.B. Under California Probate Code § 3914(a), a court order is not required for the withdrawal of these funds.

d. A check for **$15,000.00** made payable to "Elissa Mulvihill, as Custodian of the account, for the benefit of D.B., a minor," for the benefit of minor Plaintiff D.B. will be issued for deposit into D.B.'s California Uniform Transfer to Minors' Act (CUTMA) custodial account. The payment will be delivered in accordance with the CUTMA and California Probate Code § 3611(f). This custodial account has been opened at a federally insured bank. D.B.'s mother, Elissa Mulvihill, is appointed custodian of the account and may expend the custodial property as she deems advisable for the sole use and benefit of D.B. Under California Probate Code § 3914(a), a court order is not required for the withdrawal of these funds.

e. A check for **$10,000.00** made payable to "Breanna Fuller, as Custodian of the account, for the benefit of K.B., a minor," for the benefit of minor Plaintiff K.B. will be issued for deposit into K.B.'s California Uniform Transfer to Minors' Act (CUTMA) custodial account. The payment will be delivered in accordance with the CUTMA and California Probate Code § 3611(f). This custodial has been opened at a federally insured bank. K.B.'s mother, Breanna Rochelle Fuller, is appointed custodian of the account and may expend the custodial property as she deems advisable for the sole use and benefit of K.B. Under California Probate Code § 3914(a), a court order is not required for the withdrawal of these funds.

f. A check for **$320,631.87** made payable to Athena Burrise

g. A check for **$320,631.87** made payable to Ilia Burrise

h. A check for **$320,631.87** made payable to Antwaune Burrise, Jr.

i. A check for **$320,631.87** made payable to Rayjames Burrise

j. A check for **$320,631.87** made payable to Stephanie Hatten

3. For minor Plaintiff A.B., the City shall cause a check to be issued in the amount of $310,631.87 and made payable to: "Athene Qualified Assignment Corporation," within 30 days

of entry on ECF of this Order, and shall deliver the check to Ringler Associates, Inc., at 3080 Fair Oaks Boulevard, Sacramento, California 95864 ("Ringler"). The City will execute a Qualified Assignment document to transfer their obligation for these payments to the Assignee, and shall deliver the Qualified Assignment document to Ringler.

4. For minor Plaintiff D.B., the City shall cause a check to be issued in the amount of $305,631.87 and made payable to: "Athene Qualified Assignment Corporation," within 30 days of entry on ECF of this Order, and shall deliver the check to Ringler.. The City will execute a Qualified Assignment document to transfer their obligation for these payments to the Assignee, and shall deliver the Qualified Assignment document to Ringler.

5. For minor Plaintiff K.B., the City shall cause a check to be issued in the amount of $310,631.87 and made payable to: "Athene Qualified Assignment Corporation," within 30 days of entry on ECF of this Order, and shall deliver the check to Ringler.. The City will execute a Qualified Assignment document to transfer their obligation for these payments to the Assignee, and shall deliver the Qualified Assignment document to Ringler.

6. These settlement funds will be structured so that the minor Plaintiffs begin receiving periodic monthly support payments into their respective CUTMA accounts beginning on May 15, 2026, until they turn 18, followed by two lump-sum payments, at ages 18 and 21, as set forth in the Attachments for A.B., D.B., and K.B, respectively. *See* Helm Decl., **Exhibits 1–3.**

7. The monthly support payments until ages 18 will be delivered in accordance with the CUTMA and California Probate Code § 3611(f) into the minor Plaintiffs' CUTMA accounts, which are referenced above. Under California Probate Code § 3914(a), a court order is not required for the withdrawal of these funds.

8. Minor Plaintiffs, through their respective guardians ad litem, and any Payee acknowledge and agree that the City may make a "Qualified Assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the City's liability to make the Periodic Payments set forth herein. The City, as the Defendant (the "Assignor"), and as the payor of the consideration recited herein, shall fund the above Periodic Payments and assign its

obligation to make the Periodic Payments called for above in the Attachment for Minor's Compromise to Athene Qualified Assignment Corporation (the "Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of the City's (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation. Athene Holding Ltd. guarantees the obligations of Athene Qualified Assignment Corporation. Athene Annuity and Life Company is rated A+ by AM Best, A+ by S&P Global Ratings, A1 by Moody's, and A+ by Fitch Ratings.

9. Such assignment shall be accepted by minor Plaintiffs and any Payee without right of rejection and shall completely release and discharge the Defendants from the Periodic Payments obligation assigned to the Assignee.

10. Minor Plaintiffs and any Payee recognize that the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendants shall thereupon become final, irrevocable, absolute, and non-contingent.

11. The minor Plaintiffs and any Payee agree and acknowledge that the Periodic Payments cannot be accelerated, deferred, increased, or decreased by the Plaintiff or any Payee; nor shall the Plaintiff or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

12. No part of the payments called for herein or any assets of the Defendants and/or the Assignee are to be subject to execution of any legal process for any obligation in any manner.

13. The Payees shall not have the power to sell or mortgage or encumber the payments, or any part thereof, nor anticipate the same, or any part thereof, by assignment or otherwise. Any such sale, mortgage, encumbrance, or anticipation by assignment or otherwise shall be void unless such sale, assignment, pledge, hypothecation, or other transfer or encumbrance has been approved in advance in a "qualified order" as outlined in Section 5891(b)(2) of the Internal Revenue Code of 1986, as amended and approved by a court of competent jurisdiction and otherwise complies with applicable state law, including, without limitation, any and all applicable state structured

1  settlement protection statutes. In the event that any Payee attempts to seek such a "qualified order," they do hereby agree and consent to provide full and timely legal notice of any such Motion or Petition for such a "qualified order" to minor Plaintiffs' counsel and the guardians ad litem.

14. No direct or indirect transfer of structured settlement payment rights shall be effective, and no structured settlement obligor or annuity issuer shall be required to make any payment directly or indirectly, to any transferee of structured settlement payment rights unless the transfer has been approved in advance in a final court order based on express findings by the Court that: (1) the transfer is in the best interest of the Payee, taking into account the welfare and support of the Payee's dependents; (2) the Payee has been advised in writing by the transferee to seek independent professional advice regarding the transfer and has either received the advice or knowingly waived the advice in writing; and (3) the transfer does not contravene any applicable statute or an order of any court or other governmental authority.

15. The City itself, or through its Assignee, reserves the right to fund the liability to make the Periodic Payments by funding a "qualified funding asset" within the meaning of Section 130(d) of the Internal Revenue Code, in the form of structured settlement annuity policies from Athene Annuity and Life Company (Annuity Issuer). The Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Assignee may have Athene Annuity and Life Company mail or electronically deliver payments directly to the Payees. The Plaintiff or the Payee, upon reaching the age of majority, shall be responsible for maintaining the accuracy of the current mailing address and mortality information for the Payees with the Assignee.

16. Any payments to be made after the death of A.B., D.B., or K. B. pursuant to the terms of the Attachments for Minor's Compromise shall be made to Tiana Franks (A.B.); Elissa Nicole Mulvihill (D.B.); and Breanna Fuller (K.B.), respectively, or to such person or entity as shall be designated in writing by A.B., D.B., or K. B., upon reaching the age of majority, to the Assignee.  If no person or entity is so designated by A.B., or by D.B., or by K.B., or if the person designated is not living at the time of A.B.'s, or D.B.'s, or K. B.'s death, such payments shall be made to the Estate of A.B., the Estate of D.B., or the Estate of K.B. No such designation, nor any

revocation thereof, shall be effective unless it is in writing and delivered to the Assignee. The designation must be in a form acceptable to the Assignee before such payments are made.

17. The obligation of the Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check to the designated address or upon electronic transfer to the designated bank account in the amount of such payment to the Payees named in the Attachment for Minor's Compromise for A.B., D.B., and K.B. Upon notice from any Payee that a payment was not received, the Assignee will initiate reasonable stop payment action, and, upon confirmation that the funds were not negotiated or deposited, the Assignee will process a replacement payment.

18. The Court approves this settlement. It provides a monetary benefit to the minor Plaintiffs that serves their interests through the funds available to them through their mothers in the custodial accounts, with six-figure payments at the ages of 18 and 21. The net amounts to the minors are fair and reasonable under *Robidoux v. Rosengren*, 638 F.3d 1177 (9th Cir. 2011), and the distribution of the funds complies with Eastern District Local Rule 202(e).

19. The Parties must complete all necessary documents, and the City must cause the structured settlement annuities to be funded within 30 days of the date of entry on ECF of this Order.

20. Plaintiffs are authorized and directed to execute any further documents reasonably necessary to carry out the terms of the settlement.

IT IS SO ORDERED.

Dated: _____

HON. DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE