UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

D.B. et al.,

                    Plaintiffs,

v.

CITY OF STOCKTON, et al.,

                    Defendants.

No. 2:21-cv-02154-DJC-SCR

ORDER

Minor Plaintiffs D.B., K.B., and A.B., by and through their guardians *ad litem*, and several other Plaintiffs filed this action in 2021 alleging civil rights, survival, and wrongful death claims regarding the fatal shooting of Antwaune Burrise, Sr., by three City of Stockton police officers.  The parties reached a settlement agreement in November 2025, and Plaintiffs now move for approval of the settlement of the minors' claims.  For the following reasons, the Motion to Approve Settlement and Disburse Funds (Mot. (ECF No. 76)) is GRANTED.

////

////

////

////

////

1

**BACKGROUND**

As the facts are well known to the parties and the Court, the Court will not recount it here unless necessary.

**LEGAL STANDARD**

No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise. E.D. Cal. R. 202(b).  The Local Rules require that the motion for approval of a proposed minor's compromise disclose, among other things: (1) the age and sex of the minor, (2) the nature of the causes of action to be settled or compromised, (3) the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise amount, and (5) if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  *See* E.D. Cal. R. 202(b)(2).

Furthermore, the Ninth Circuit held in *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) that Federal Rule of Civil Procedure 17(c) imposes a "special duty" on district courts approving a minor's compromise.  "[T]his special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (citations omitted).  However, this "special duty" has a limited scope of review, asking only "whether the net amount distributed to each minor plaintiff is fair and reasonable . . . without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel." *Id.* at 1182. "If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented[] . . . ." *Id.* In making this determination, "courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement,

counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts." *Rivett v. United States*, No. 2:21-CV-00717-DAD-AC, 2023 WL 4238909, at *2 (E.D. Cal. June 28, 2023) (collecting cases where the procedural posture was considered, the fact that the settlement occurred at a court-supervised settlement conference was considered, and other compromises were considered).

Plaintiffs assert a variety of state and federal law claims against Defendants. Although the Ninth Circuit expressly limited its holding to "cases involving the settlement of a minor's federal claims[,]" *Robidoux*, 638 F.3d at 1179 n.2, where, as here, a court is exercising supplemental jurisdiction over state law claims, courts will apply the *Robidoux* standard to all of the claims, *see Calderon v. United States*, No. 1:17-cv-00040-BAM, 2020 WL 3293066, at *3 (E.D. Cal. Jun. 18, 2020) (collecting cases).

**DISCUSSION**

## I. Proposed Settlement

On November 12, 2025, all Plaintiffs and the Defendants agreed to settle this action for a total gross sum of $4,400,000.00. (Mot. at 10; Helm. Decl. (ECF No. 76-1) ¶ 15.) Defendants agree to make the payment as follows:

1. $1,760,000 to Plaintiffs' counsel, pursuant to their retainer agreement of 40% of the gross recovery;

2. $74,945.04 to reimburse Plaintiffs' counsel for reasonable case costs;

3. $2,565,054.96 net settlement remains, divided as follows between eight persons:

   a. $320,631.87 to Athena Burrise;

   b. $320,631.87 to Ilia Burrise;

   c. $320,631.87 to Antwaune Burrise, Jr.;

   d. $320,631.87 to Rayjames Burrise;

   e. $320,631.87 to Stephanie Hatten;

3

f.  $15,000 lump sum payable to Tiana Franks on behalf of minor A.B., to be deposited into A.B.'s California Uniform Transfer to Minors' ACT (CUTMA) bank account; and the remaining $305,631.87 for the purchase of an annuity, to provide $750 monthly support payments into the CUTMA bank account for A.B.'s sole use and benefit until A.B. reaches age 18, and then lump-sum payments at age 18 ($50,000), age 21 ($100,000), and age 25 ($248,873).  The total guaranteed benefit of the annuity is $431,371.00 (*See* Amendment (ECF No. 79), Schmidt Decl. at 5 & Ex. 1.)[1]

g.  D.B., a $15,000 lump sum payable to Elissa Mulvihill on behalf of D.B., to be deposited into D.B.'s CUTMA account; and the remaining $305,631.87 for the purchase of an annuity, to provide $750 monthly support payments into the CUTMA account for D.B.'s sole use and benefit until age 18, and then lump-sum payments at ages 18 ($150,000.00) and 21 ($181,228.00).  The total guaranteed benefit of the annuity is $366,885.00 (Helm Decl. Ex. 2).

h.  K.B., a $10,000 lump sum payable to Breanna Fuller on behalf of K.B., to be deposited into K.B.'s CUTMA bank account; and the remaining $310,631.87 for the purchase of an annuity, to provide $650 monthly support payments into the CUTMA bank account, increasing at age 11 to $750, for K.B.'s sole use and benefit, until age 18, and then lump-sum payments at ages 18 ($175,000.00)

[1]  The parties filed an Amendment to the proposed settlement on February 6, 2026.  (ECF No. 79.)  By its terms, the Amendment relates to the settlement proceeds for only the Minor Plaintiff A.B. (*Id.*)  The Court thus incorporates the amended terms as to Minor Plaintiff A.B. into the proposed settlement.

and 21 ($291,827.00).  The total guaranteed benefit of the annuity is $585,006.00 (Helm Decl. Ex. 3.)

## II.  Local Rule 202(b)

As set out above, Plaintiffs must provide each of the disclosures required by Local Rule 202(b)(2).  Here, the Motion indicates the age and sex of each minor, the nature of the causes of action settled, the facts and circumstances surrounding the causes of action, and information about the manner in which the compromise amount was reached.  (*See generally* Mot. at 13–16.)  Thus, the Court is satisfied that the requirements in Local Rule 202(b)(2) are met.

## III. Reasonableness of Settlement

The net settlement amount for each minor is $320,631.87 which will be used to purchase annuities such that A.B. will receive $431,371.00; D.B. will receive $366,885.00; and K.B. will receive $585,006.00.  (Helm Decl. Exs. 2–3; Schmidt Decl. Ex. 1.)

Plaintiffs have included cases comparing settlements in cases involving wrongful death actions, including one from this Court, *see Ortiz v. County of Trinity*, No. 2:21-cv-02248-DJC-AC, 2025 WL 1735387 (E.D. Cal. Jun. 23, 2025) (approving net settlement of $300,000.00 each for two minor children whose father was shot and killed by a third party after law enforcement left the scene).  The other cases Plaintiffs provide reflect a range of settlement amounts: *see, e.g.*, *Garlick v. County of Kern*, No. 1:13-cv-01051-LJO-JLT, 2016 WL 4087057, at *2 ($158,000 settlement amount to minor child in wrongful death action for death of parent by law enforcement); *Armstrong v. Dossey*, No. 1:11-cv-01632-SKO, 2013 WL 4676541, at *3 (E.D. Cal. Aug. 30, 2013) (approving net settlement for minors of $22,500 and $11,000 for wrongful death action relating to death of father); *E.S. by & through Gonzalez v. City of Visalia*, No. 1:13-cv-1697-LJO-BAM, 2015 WL 6956837, at *1 (E.D. Cal. Nov. 3, 2015) (approving $130,444.83 net settlement amount to minor plaintiff in wrongful death action relating to the shooting of plaintiff's father); *Swayzer v. City of San Jose*,

No. C10-03119 HRL, 2011 WL 3471217, at *1 (N.D. Cal. Aug. 5, 2011) (approving settlement amount of $2,054.17 for minor plaintiff in wrongful death action).

Additionally, the proposed method of distributing the settlement appears to be fair and reasonable.  Local Rule 202(e) requires money or property recovered on behalf of a minor to be "(1) disbursed to the representative pursuant to state law on a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor[.]"  L.R. 202(e).

Here, the Motion reflects that a small portion of the settlement proceeds will first be deposited into federally insured bank accounts pursuant to the California Uniform Transfer to Minors Act for each of the minor children.  The parents of the minor plaintiffs will serve as custodians of the funds and have declared that the funds will be used in the minors' best interests and support their needs.  Frank Decl. (ECF No. 79-1) ¶ 1; Mulvihill Decl. (ECF No. 76-6) ¶ 18; Fuller Decl. (ECF No. 76-7) ¶ 15. The remaining settlement funds will be placed into structured annuity policies from which the minor Plaintiffs will receive periodic payments.  (Mot. at 11-12; Amendment at 5.) *See E.H. v. California Exposition & State Fair*, 2023 WL 8527703, at *3 (E.D. Cal. Dec. 8, 2023) (approving minor's compromise with a structured annuity disbursed in four payments).

The Motion also addresses the terms and payment to counsel under Local Rule 202(c).  Under *Robidoux*, this Court's focus is limited to "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiff's counsel.  638 F.3d at 1182.  Plaintiffs' counsel have further indicated that they did not become involved in the action at the insistence of any Defendant and that they do not have any relationship with any of the Defendants.  (Mot. at 17.)

Having considered Plaintiff's provided cases and the totality of facts and circumstances, including the excellent result achieved in this case compared to similar

6

actions, the Court concludes the settlement agreement is fair, reasonable, and in the best interests of the children.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion to Approve Minors' Compromise (ECF No. 76) is GRANTED.  The parties' amended proposed order (ECF No. 82) is GRANTED.

IT IS SO ORDERED.

Dated:   **March 31, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC8 – D.B.21cv02154.minors compromise